EXHIBIT A

# IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

Civil Action # *16CV4706-8*

*Helen J Hinton*

_____

_____

**Plaintiff**

**VS**

*Bank of America N.A*
*Rubin Lublin*
*Bank of New York As Trustee of*
*Behalf of the Certificates Holders*
*KPN0 Trust R. Wood*

**Defendant**

# SUMMONS

## TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

*Helen J Hinton*
*2616 Shamrock Drive*
*Decatur Georgia 30052*

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, or if service by publication within 60 days of judges order of publication, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ____*18*____ day of ____*April*____, 20 *16*.

Debra DeBerry
Clerk of Superior Court

By: _____
Deputy Clerk

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

Helen J. Hinton                                    Civil Case Number:

Plaintiff,

vs.

Bank of America NA,
Rubin Lublin LLC,
Bank of New York as Trustee of Behalf of
the Certificate Holders KPND Trust R. Woods

Defendants.

COMPLAINT FOR PERMANENT INJUNCTION FOR
CEASE AND DESIST ANY AND ALL FORECLOSURE PROCEEDINGS AND COLLECTION
ACTIVITY, IN ANY AND EVERY, INCLUDING REPORTING ANY PAYMENT ACTIVITIES; AND
OTHER EQUITABLE RELIEF

COMES NOW, Helen J. Hinton "Plaintiff" by and through undersigned counsel stating the following:

**Jurisdiction and Venue**

1. The Plaintiff, Helen J. Hinton is a resident of DeKalb County Georgia and over the age of nineteen.

2. Bank of America NA is a foreign business organization whose registered agent is CT Corporation

   System, 1201 Peachtree Street NE, Atlanta, Georgia 30361

3. Bank of America has and continue to transact business in Georgia

4. Rubin Lublin LLC whose registered agent is Rubin Lublin LLC 3740 Davinci Court

   Suite 150 Peachtree Corners, Georgia 30092

5. Rubin Lublin LLC continues to transact business in Georgia

6. Jurisdiction and venue as to Defendant(s) is proper by virtue of O.C.G.A.§ 9-10-91.

7. The property which is subject of this suit is located in DeKalb County Georgia at 2416 Shamrock Drive

   Decatur, Georgia 30032 which is described as LAND LOT 154 OF THE 15TH DISTRICT OF

   DEKALB COUNTY, GEORGIA BEING LOT 4, BLOCK D, UNIT TWO ROSEWOOD PARK AS

   PER PLAT RECORDED IN PLAT BOOK 29, PAGE 44 DEKALB COUNTY RECORDS WHICH

   PLAT IS HEREBY REFERRED TO AND MADE A PART OF THIS DESCRIPTION; BEING

   IMPROVED PROPERTY KNOWN AS 2416 SHAMROCK DRIVE ACCORDING TO THE

1

PRESENT SYSTEM OF NUMBERING HOUSES IN DEKALB COUNTY GEORGIA,

8. The Plaintiff seeks damages in excess of $15,000.00

## Facts

1. Plaintiff realleges and incorporates paragraphs 1-8 as if fully stated herein

2. On March 15, 2002 the Plaintiff executed a promissory note in the amount of $126,947 with National City Mortgage CO DBA Accubanc Mortgage to secure a mortgage for property located at 2416 Shamrock Drive, Decatur, Georgia 30032

3. The Plaintiff agreed to make monthly payments to National City Mortgage CO DBA Accubance Mortgage at 3232 Newmark Drive, Miamisburg, Ohio 45342

4. The Loan number associated with this promissory note ended in

5. Per the promissory note National City Mortgage CO DBA Accubance / Note Holder agreed to notify the Plaintiff prior to the date of change in monthly payment

6. National City Mortgage CO DBA Accubance has not assigned the right to receive payment under the promissory note.

7. National City Mortgage CO DBA Accubance has never claimed that the Plaintiff has not made payments under the promissory note

8. On March 15, 2002 the Plaintiff executed a security deed granting Mortgage Electronic Registration Systems Inc. "MERS", soley as nominee for National City Mortgage CO DBA Accubance and National City Mortgage CO DBA Accubance and assigns, the power of sale of 2416 Shamrock Drive, Decatur, Decatur, 30032 if the Plaintiff did not meet her obligations contained in her promissory note.

9. The Security Deed 1does note entitle any other entity the right to receive payment pursuant to the Plaintiff's promissory note

10. Paragraph 18 of the Security Deed 1defines Security Deed 1 as a deed passing title, note as a mortgage

11. The loan number associated with the security deed ended in 6503 different from the loan number associated with this promissory note

12. On March 15, 2002 the Plaintiff executed a Security Deed 2 granting MERS solely as nominee as National City Mortgage CO DBA Accubance and National City Mortgage CO DBA Accubance and assigns, the power of sale of 2416 Shamrock Drive, Decatur, Georgia 30032if the Plaintiff did not meet

2

her obligations contained in her promissory note

13. The Loan number associated with Security Deed 2 is unknown

14. Paragraph of Security Deed 2 defines as adeed passing title not as a mortage

15. The non-uniform covenants in Security Deed 1 and Security Deed 2 are materially different.

16. The Plaintiff made payments pursuant to the terms of the promissory note until 2008

17. At some time in 2008 the Plaintiff's payments to National City Mortgage CO DBA Accubance were returned

18. National City Mortgage CO DBA Accubance registered agent resigned on March 10, 2008

19. On April 17, 2014 MERS as grantee and on behalf of Plaintiff assigned Security Deed to Bank of America NA; loan number ending in 3756

20. Plaintiff never executed a loan ending in 3756

21. The foreclosure notice that was sent to the Plaintiff did not include National City Mortgage CO DBA Accubance

22. On May 3, 2016 Bank of America will attempt to foreclose on 2416 Shamrock Drive, Decatur, Georgia 30032.

23. The Advertisment of the foreclosure sale failed to list National City Mortgage CO DBA Accubance as the foreclosing party

### Count 1

### Set Aside Foreclsoure Attempt

24. Plaintiff realleges and incorporates paragraphs 1-23 as if fully stated herein

25. The Plaintiff signed a promissory note with National City Mortgage CO DBA Accubance which secured the Mortgage.

26. National City Mortgage CO DBA Accubance never assigned the note or the right to receive payment under the note to any other entity or individual

27. The Plaintiff made or attempted to make all payments under the promissory note to National City Mortgage CO DBA Accubance

28. The assigment of Security Deed 2 did not grant Bank of America NA the right to receive payments under the promissory note.

3

29. National City Mortgage CO DBA Accubance did not advise Bank of America that the Plaintiff had failed to make payments under the note

30. Bank of America NA does not had the right to initiate a foreclosure sale pursuant to OCGA 44-16-162 et seq.

31. National City Mortgage CO DBA Accubance was / is not included in the foreclosure sale notice

WHEREFORE, the Plaintiff requests this court to set aside the foreclosure attempt, order that the Plaintiff receive possession of the premises, bar and forever Estop the Defendant from having or claiming any right or title to the premises adverse to the Plaintiff, award the Plaintiff attorney fees and cost and for such other and further relief the Court deems just and proper

## Count II

### Wrongful Foreclosure Attempt

32. Plaintiff realleges and incorporates paragraphs 1-31 as if fully herein

33. Bank of America owed a duty to the Plaintiff to act in good faith in execrising a power of sale and attempting to foreclose on Plaintiff Property pursuant to O.C.G.A. § 23-2-114

34. Bank of America acted in bad faith by attempting to foreclose on Plaintiff's property without aquiring standing necessary to conduct to foreclosure sale.

35. Bank of America never acquired ownership to Security Deed 1 neither dis Bank of America aquire the right to receive payment under either Security Deed 1 or Security Deed 2

36. Bank of America acted in Bad faith when they failed to included National City Mortgage CO DBA Accubance in the foreclosure notice

37. Security Deed 2 is the warranty deed that was assigned to Bank of America which contained the power of foreclosure

38. Defendant failed to give Plaintiff notice pursuant to paragraph 22 of Security Deed 2

39. Defendant failed to state the required action of Plaintiff to cure the default pursuant to paragraph 22 of Security Deed 2

40. Defendant failed to give the Plaintiff time to cure any alleged default pursuant to paragraph 22 of Secuity Deed 2

41. Defendant failed to inform Plaintiff of the right to reinstate ot the right to bring a court action pursuant

4

to paragraph 22 of Security Deed 2

42. The Defendant falsely advertised the sale of the property

43. Defendant failed to advertise the sale of the property for four consecutive weeks pursuant to

O.C.G.A. § 44-14-162 et seq.

44. Defendant failed to include National City Mortgage CO DBA Accubance in the advertisement pursuant to O.C.G.A. § 44-14-162.2

45. Defendants actions show a willful misconduct, malice fraud, wantonness, oppression, or the entire want of care as to raise the presumption of a conscious indifference to consequences and a specific intent to cause harm

46. The sale price of the Plaintiff's hame will be inadequate due to the Defendants failure to properly advertise the foreclosure sale

WHEREFORE, the Plaintiff requests this Court to set aside the foreclosure attempt, order that the Plaintiff continue to maintain possession of the premises, bar and forever estop the Defendant from having or claiming any right or title to the premises adverse to the Plaintiff, award the Plaintiff attorneys fees and cost and for such other and further relief that the Court deems just and proper.

## Count III

### Breach of Covenant or Agreement

47. Plaintiff realleges and incorporates paragraphs 1-46 as if fully stated herein

48. On or about March 15, 2002 the Plaintiff executed Security Deed 2

49. Sometime is 2008 National City Mortgage CO DBA Accubance was administratively dissolved without transferring any rights under Security Deed 1

50. Security Deed 2 does not trump the provisions of Security Deed 1

51. On or about April 14, 2014 Security Deed 2 was assigned to Bank of America

52. Bank of America has failed to honor the terms of Security Deed 2

53. Bank of America failed to reflect fair dealing

54. Bank of America did not provide the Plaintiff notice in accordance with the terms of Security Deed 2

55. Bank of America did not provide the Plaintiff with monthly invoices in accordance with Security Deed

5

2

56. Bank of America breached the terms of Security Deed 2 by failing to accelerate pursuant to paragraph 22 of the non-uniform covenant

57. As a proximate result of the Defendant's breach of the Plaintiff's property is being unlawfully foreclosed

58. As a result proximate of the Defendan's breach the Plaintiff has suffered unnecessary trouble and expense

WHEREFORE the Plaintiff demands judgment against the Defendants interest and costs and for such other and further relief the Court deems just and proper

## Count IV

### Negligence

59. Plaintiff realleges and incorporates paragraphs 1-58 as if fully stated herein

60. Bank of America owed a duty to Plaintiff to avoid unreasonable risks of harm arising out of ordinary care to comply with standard, professional, and responsible practices relating to mortgage lending and servicing

61. Bank of America negligently serviced Security Deed 2 subject loan in breach of its duty to Plaintiff to maintain proper and accurate loan records and to discharge and fulfill the other incidents attendant to maintenance, accounting, and servicing of loan records in a non-negligent manner

62. Bank of America failed to provide monthly invoices to Plaintiff

63. Bank of America failed to secure the right to receive payment under Security Deed 1

64. Bank of America failed to enforce the terms of Security Deed 1

65. Bank of America failed to inform the Plaintiff of the dissolution of National City Mortgage CO DBA Accubance in 2008

66. Defendants failed to inform the Plaintiff that Security Deed 2 has been transferred

67. Defendants actions caused injury to the Plaintiff

68. Plaintiff suffered damaged proximately caused by Bank of America's breach of its duty to Plaintiff

69. Defendants actions were undertaken in bad faith, have been stubbornly litigious, and have cause Plaintiff unnecessary trouble and expenses

6

70. As a proximate result of the Defendant's breach of the Plaintiff's property is being unlawfully foreclosed

71. Defendants action showed such willful misconduct, malice, fraud, wantonness, oppression, or the entire want of care as to raise the presumption of a conscious indifference to consequences and a specific intent to cause harm

WHEREFORE the Plaintiff demands judgment against Defendants interest and cost and for such other and further relief the Court deems just and proper

## Count V

### Fraud: Misrepresentation Pursuant to O.C.G. A. § 23-2-52

72. Plaintiff realleges and incorporates paragraphs 1-71 as if fully stated herein

73. Bank of America never had a right to service the Plaintiff's loan in accordance with Security Deed 1

74. Bank of America failed to provide monthly invoices to Plaintiff

75. Bank of America failed to secure the right to receive payment under Security Deed 1

76. Bank of America failed to enforce to terms of Security Deed 1

77. Bank of America failed to inform the Plaintiff of the dissolution of National City Mortgage CO DBA Accubance

78. Bank of America failed to inform the Plaintiff that Security Deed 2 had been transferred

79. Bank of America misrepresented the Plaintiff that they would not foreclose on her property during the time she was being considered for modification

80. Plaintiff reasonably relied uopn Bank of America representation that the would not foreclose while she was being considered for a modification even though they do not have a right to foreclose

81. Bank of America does not have standing to negotiate on behalf National City Mortgage CO DBA Accubance

82. National City Mortgage CO DBA Accubance never assigned a right to anyone to modify the terms of Security Deed 1 or Security Deed 2

83. Bank of America never communicated  National City Mortgage CO DBA Accubance as National City Mortgage CO DBA Accubance was administratively dissolved

84. Defendants knew Plaintiff's right to reinstate after acceleration due to a default in Security Deed 2 even

7

though they do not have a right to modify or enforce the terms of Security Deed 2

85. Defendants manipulated Plaintiff into believing that she was being considered for a modification of her mortgage up to and through the time Defendants wrongful foreclosure attempt upon Plaintiff's Property

86. Defendants were successful in depriving Plaintiff of her right to instate

87. Defendants continue to refuse to allow Plaintiff to reinstate her mortgage

88. The Plaintiff cannot reinstate her mortgage because National City Mortgage CO DBA Accubance has been administratively dissolved without transferring the rights it secure under Security Deed 1 or Security Deed 2

89. The Defendants does not have the right to reinstate Plaintiff's mortgage because the right was never transferred by National City Mortgage CO DBA Accubance

90. Defendants attempted to defraud the Plaint by sending the Plaintiff a demand stating that the payoff of her loan

91. Neither Defendant had a right to receive payments on behalf of National City Mortgage CO DBA Accubance

92. The Plaintiff's original loan on March 15, 2002 was in the amount of $126,947

93. Plaintiff made payments though 2012

94. Defendants goal is to defraud the Plaintiff of equity in her home by wrongfully foreclosing and instituting a Dispossessory Action

95. Defendants knew that the Plaintiff would rely on their misrepresentation that they had a right to modify or receive payments on behalf of National City Mortgage CO DBA Accubance

96. Defendant knew that the Plaintiff would rely on Defendants' misrepresentations that Plaintiff's loan was being considered for a modification and that Defendants would not foreclose upon Plaintiff's property

97. Defendants knew that Plaintiff would rely on Defendants' misrepresentations that no foreclosure would be conducted on Plaintiff's property

98. Defendants intended to induce Plaintiff to rely on Defendants' misrepresentations

99. Plaintiff has relied on Defendants' misrepresentations to her detriment.

100. Defendants acted willfully to deceive the Plaintiff

8

101. Defendants acted recklessly in dealing with the Plaintiff

102. Defendants' actions caused injury to the Plaintiff

103. Plaintiff suffered damages proximately caused by Defendants' misrepresentation to the Plaintiff

104. Defendants' actions were unndertaken in bad faith, have been stobbornly litigious and have caused
Plaintiff unnecessary trouble and expenses

105. Defendants' actions showed such willful misconduct malice fraud wantonness oppression  or the entire
want of care as to raise the presumption of a conscious indifference to consequences and a specific
intent to cause harm

WHEREFORE, the Plaintiff seekd compensatory damages in the amount of $100,000.00 punitive

damages pursuant to O.C.G.A. § 51-12-5-1, attorney's fees and cost pursuant to O.C.G.A. § 13-1-11 and

O.C.G.A. § 13-6-11 and for such other and further relief the Court deems just and proper.

## Count VI

### Petition to Remove Cloud of Title or In The Alternative Equity of Redemption Pursuant To O.C.G.A. § 23-3-60 to 23-3-73

106. Plaintiff realleges and incorporate paragraphs 1-105 as if fully stated herein

107. The property which is the subject of this suit is located in DeKalb County Georgia at 2416 Shamrock
Drive, Decatur, Georgia 30032 which is also described as LAND LOT 154 OF THE 15TH DISTRICT
OF DEKALB COUNTY, GEORGIA BEING LOT 4, BLOCK D, UNIT TWO ROSEWOOD PARK
AS PER PLAT RECORDED IN PLAT BOOK 29, PAGE 44 DEKALB COUNTY RECORDS
WHICH PLAT IS HEREBY REFERRED TO AND MADE A PART OF THIS DESCRIPTION;
BEING IMPROVED PROPERTY KNOWN AS 2416 SHAMROCK DRIVE ACCORDING TO THE
PRESENT SYSTEM OF NUMBERING HOUSES IN DEKALB COUNTY GEORGIA,

108. Plaintiff's interest in the above property is based upon a promissory note and two warranty deeds

109. The Plaintiff brings this petition to clear cloud of title because the Defendants' unlawful foreclosure
attempt on the above property. The Plaintiff never failed to tender payment under the terms of the
promissory note. The Defendant does not have the right to receive payment under the promissory
note that was used to secure the property. The Defendant was not commanded to accelerate payment
of the note due to the Plaintiff's failure to pay. The Defendant failed to comply with the terms of

9

acceleration under its assignment of the warranty deed

WHEREFORE, the Plaintiff requests that the Defendant be barred and forever stopped from having or claiming any right or title to the premises adverse to the Plaintiff, award the Plaintiffs attorney fees, costs and for such other and further relief the Court deems just and proper

Dated this 18th day of April, 2016

Respectfully submitted

Helen J. Hinton

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

10

## CERTIFICATE OF SERVICE

I, Helen J. Hinton is an ordinary citizen, trying to accomplish the American dream of home ownership.

Helen J. Hinton reside at 2416 Shamrock Drive, Decatur, Decatur, Georgia 30032. At all times relevant to

this Complaint, Bank of America N.A. and Rubin Lublin LLChave operated a business in the United States

Bank of America N.A.
7105 Corporate Drive
Plano, Texas 75024

CT Corporation System
c/o Bank of America NA Registered Agent
1201 Peachtree Street NE
Atlanta, Georgia 30361

Rubin Lublin LLC
3740 Davinci Court
Suite 150
Peachtree Corners, Georgia 30092

_Helen J. Hinton_
Helen J. Hinton

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

**VERIFICATION**



Personally appeared before me, undersigned attested officer, I /states under oath that the facts contained in

the Foregoing complaint is true and correct to the best of my knowledge.

Names: _____
         Helen J. Hinton

Address:   <u>Street</u>              <u>City</u>              <u>State</u>         <u>Zip</u>
           2416 Shamrock Drive   Decatur           GA            30032

Phone:     (404) 289-4111

Sworn To and Subscribed Before Me

This __17__ day of __April__ 2016

Notary Public

My Commission Expires
   3/28/17

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

Helen J. Hinton                                          Civil Case Number:

Plaintiff,

vs.

Bank of America NA,
Rubin Lublin LLC,
Bank of New York as Trustee of Behalf of
the Certificate Holders KPND Trust R. Woods

Defendants.



## BRIEF

The Plaintiff, Helen J. Hinton by and through the undersigned counsel submits the following brief in

support of her Motion in Opposition to Defendants Bank of America NA and Rubin Lublin LLC Motions

to Dismiss Plaintiff's Complaint.

## INTRODUCTION

The Plaintiff executed a promissory note with  National City Mortgage Co dba Accubanc Mortgage to

secure a mortgage for the property located at 2416 Shamrock Drive, Decatur, Georgia 30032 (hereinafter

"Property"). The Plaintiff agreed to make monthly payments to the Lender.  MERS was not a party to the

promissory note executed with the Lender.  The Plaintiff also executed two Security Deed's granting

Mortgage Electronic Registration Systems, Inc. "MERS" solely as nominee for Lender and Lender's

successors as assigns, the power of sale of Property if the Plaintiff did not meet her obligations contained in

her promissory note.  The Lender has never claimed that the Plaintiff has failed to make payment in

accordance with the terms of the promissory note.  Bank of America has unlawfully attempted to foreclose

on the Property through as Assignment from MERS under the power of sale clause contained in one of the

Security Deeds held by MERS.  Additionally Bank of America has failed to adhere to the Terms of

enforcing the Security Deed assigned to it by MERS

## STATEMENT OF FACTS

Around March 15, 2002 Plaintiff executed a promissory note with the Lender to secure a mortgage for

Property in amount of $126,947.  Plaintiff simultaneously executed two Security Deed's as deeds passing

1

title but not as a mortgage, granting MERS the power of sale of Property if Plaintiff failed to make payment in accordance with the terms of the promissory note. At no time did MERS obtain the right to receive payment from the Lender or Plaintiff under the terms of the promissory note.

Plaintiff made payments pursuant to the terms of the promissory note until sometime in 2008. At some point in 2008 the Plaintiff's payments sent to the Lender were returned. Lenders registered agent resigned on March 10, 2008. Around April 17, 2014 MERS assigned Plaintiff's to Bank of America. The assignment of Plaintiff's does not provide Bank of America with the right to receive payments under the promissory note. The only right that Bank of America received from the assignment was the power of sale if the Plaintiff failed to make payment under the terms of the promissory note.

## STANDARD OF REVIEW

When matters outside the pleadings are considered by the trial court on a motion to dismiss for failure to state a claim, the motion is converted to a motion for summary judgment pursuant to O.C.G.A. § 9/11-56, and the trial court has the burden of informing the party opposing the motion that the Court will consider matters outside the pleadings and that, if the opposing party so desire, the party has no less than 30 days to submit evidence in response to motion for summary judgment. Cox Enterprises, Inc. v. Nix, 273 Ga. 152, 153, 538 S.E. 2d 449 (2000). "[t]o prevail at summary judgment under OCGA § 9-11-56', the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. Lau's Corp. v. Haskins, 261 Ga. 491, 405 S.E. 2d 474 (1991). "Factual disputes regarding service are to be resolved by the trial court, and the Court's findings will be upheld if there is any evidence to support them" Woodyard v. Jones, 285 Ga. App. 323, 646 S.E. 2d 306 (2007)

## AGRUMENT AND CITATION OF AUTHORITY

### A. Plaintiff's Claims Are Not Barred By The Doctrine Of Res Judicata

The Defendants Motion to Dismiss must be denied. The claims raised by the Plaintiff in the complaint

2

are entirely different from the claim in the instant action. The Plaintiff has petitioned this Court to Set Aside A Foreclosure Sale, Claiming Wrongful Foreclosure Attempt, Breach of Contract, Negligent Servicing and Fraud. When the Plaintiff filed her action in Superior Court the issue of title and unlawful was not presented to the Court. The issues of whether the Defendant; properly attempt to foreclose, breached the contract by attempting to foreclose, negligently serviced the Plaintiffs loan, or defrauded the Plaintiff. Genuine issues of fact concerning whether the Plaintiff could have pursued the instant causes of action at the time of the filing her Complaint

## *II. Service of Process*

The Plaintiff's complaint should not be dismissed for failure to serve the Defendants with Summons and Complaint. The Defendants have been served pursuant to O.C.G.A. § 14-2-1510. Bank of America is a foreign corporation that has a registered agent in the State of Georgia (CT Corporation System, 1201 Peachtree Street NE, Atlanta, Georgia 30361)

## *III. Failure To State A Claim For Which Relief Can Be Granted*

The Plaintiff has not failed to state a claim for which relief can be granted under O.C.G.A. § 44-16-162 et seq, O.C.G.A. § 44-16-162, O.C.G.A. § 23-2-52, Breach of Contract, Negligent Servicing and Fraud. Genuine issues of material facts to each of the Plaintiff's claims and most favorable in her favor.

A. Bank of America Does Not Have The Authority To Foreclose The Subject Loan

The Defendant's motion to dismiss the Plaintiff's complaint on the basis that the Defendant had the authority to foreclose under the subject loan must be denied. The Plaintiff has claimed that she executed a promissory note with the Lender for the purchase of Property. The Defendant was not a party to the promissory note and had no right to receive payment under the promissory note but rather the Defendant was assigned a security deed which only contained the power of sale in the event that the Plaintiff default on the promissory note. "A deed is a contract. Contract interpretation is a matter of law for the court, unless an ambiguity remains in the contract after applying the rules of construction." Dept. of Transp. v. Meadow Trace, Inc., 274 Ga App. 267, 269(1), 617 S.E. 2d 246 (2005). The security deed provides as follows, in relevant part:

3

> **Paragraph 26**. This conveyance is to be construed under the existed laws of the State of
> Georgia as a deed passing title, and not as a mortgage, and is intended to secure the payment
> of all sums secured hereby.

Plaintiff's Secured Lender has never claimed that the Plaintiff has failed to make payment under the
promissory note. Neither has Lender stated that they never received payment. Furthermore the Defendant
has not provided any evidence that the Plaintiff's debt to the Lender has not been paid. As a result the
Defendant has no right to foreclose on the Plaintiff's property. Any foreclosure that resulted from the
Defendants' unlawful action is pro nun tunc. Genuine issues of material fact continue to exist regarding
whether the Plaintiff owns title to the property; whether the Plaintiff failed to make payment to Lender; and
whether the assignment from MERS resulted in payment of the Promissory Note to the Defendant, thus
genuine issues of material fact continue to exist regarding whether the Defendant has authority to foreclose
the subject loan.

### B. Plaintiff's Wrongful Foreclosure Attempt Claim Does Not Fail

The Plaintiff has complained that the Defendants failed to properly perform a foreclosure of the subject
property because the Defendants failed to adhere to O.C.G.A. § 44-16-162 et seq by not following the
notice requirements the statue by failing to include the "secured creditor", National City Mortgage Co dba
Accubanc Mortgage on its notice of Foreclosure Sale. In *Reese v. Provident Funding Associates, LLP*, 317
Ga. App. 353 (2012) the Court found that O.C.G.A. § 44-16-162 et seq requires the secured creditor to be
identified in the foreclosure notice See *Stubbs v. Bank of America, N.A.*, 844 F. Supp. 2d 1267 (N.D. Ga.
Feb 16, 2013), Sutton v. Bank of America, N.A., No. 1:11-CV-3765-CAP, 2012 WL 2394533 (N.D. Ga.
Apr. 11, 2012).

### C. Plaintiff's Claim For Breach of Contract Does Not Fail

The Defendants requests the Court to dismiss Count III of the Plaintiff's Complaint on the basis that it
does not specify the Defendants failure to act. Under notice pleading, the Plaintiff need only give the
Defendants fair notice of the Plaintiffs' claim and the grounds upon which it rests. In ruling on a motion to
dismiss, the Court must accept the facts pleaded in the complaint as true and construe them in the light
most favorable to the Plaintiff. A motion to dismiss is granted only when the movant demonstrates beyond

4

doubt that the Plaintiff can prove no set of facts in support of her claim which would entitle her to relief.  In the instant case the Defendants have failed to do such.

### D.  Plaintiff's Claim For Negligent Servicing Should Not Be Dismissed

Genuine issues of material fact exist concerning whether the Defendants were negligent.  Generally speaking, "every contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement."  Hunting Aircraft, Inc. v. Peachtree City Airport Auth., 281 Ga. App 450, 451 (1) (636 SE2d 139) (2006).  "A deed is a contract Nesbitt v. Wilde.  As such the Defendants owed the Plaintiff a fiduciary duty of good faith and fair dealing.  The Defendant breached this duty by purporting to unlawfully attempting to foreclose on the Plaintiff's property when in fact the Defendants have no authority to do so.  Additionally, the Defendants deceived the Plaintiff to believe that they held the Plaintiff's promissory note when in fact they were never assigned the right to receive payment under the promissory note with lender National City Mortgage Co dba Accubanc Mortgage.  Lastly, the Defendants mislead the Plaintiff to believe that they had the authority to restructure her loan when in fact they do not.  Material facts exists as to whether the Defendants were negligent and breached their fiduciary duty to the Plaintiff.

### E.  Plaintiff Has Not Failed To State A Claim For Fraud

The Plaintiff has stated with particularity the facts of the Fraud that has occurred to the best of her knowledge.  Through the course of Discovery the Plaintiff will be able to identify with more particularity the individuals who participated in the fraudulent scheme to defraud the Plaintiff.  The Defendant has failed to established that the Plaintiff could not possible introduce evidence within the framework of the complaint sufficient to warrant a grant of the dismissal of Count V of her complaint.

### F.  The Plaintiff Has Not Failed To State A Claim For Relief Under Georgia's Quiet Title Act

The Plaintiff has complained that the Defendant's wrongful foreclosure attempt on her property by failing to meet the notice requirement of O.C.G.A. § 44-16-162.  As such the Plaintiff continues to possess title of the subject property.  Furthermore the Plaintiff has requested that a Special Master be appointed to this action as well as filed a Lis Pendens with the Clerk of Court.  The Defendants have failed to established that the Plaintiff could not possible introduce evidence within the framework of the complaint sufficient to warrant of the dismissal of Count VI of her complaint.

5

G. Plaintiff's Claims Are Not Barred By Her Unclean Hands

The Defendants Motion to Dismiss the Plaintiff's complaint must be denied. The Defendant's claim that the Plaintiff has not tendered payment under the Promissory Note and Security Deed however the Defendants will provide no evidence that they are entitled to receive payment under either the Promissory Note or the Security Deed. As previously stated the Deed assigned to the Defendants are not a mortgage but rather an instrument used to secure payment of the mortgage. Lender has not claimed that the Plaintiff failed to meet any obligations under the terms of the Promissory Note. Lender has never notified the Defendant of the Plaintiff's failure, yet the Defendants are attempting unlawfully foreclose on the Plaintiff's property under false notions of non-payment of the Promissory Note. The Defendants have also failed to properly attempt to foreclose on the Plaintiff's property by meeting the notice requirements of O.C.G.A. § 44-16-162. The Defendants will fail to establish that the Plaintiff could not possible introduce evidence within the framework of the complaint sufficient to warrant a grant of the dismissal of Count VI of her complaint.

## CONCLUSION

The Defendants Motion to dismiss the Plaintiff's Complaint must be denied. The Defendants will fail to establish that the Plaintiff could not possible introduce evidence within the framework of the complaint sufficient to warrant a grant of the dismissal of Count VI of her complaint. The Defendants does not have a right to receive payment under the promissory note or the Security Deed, Lender has not notified the Defendants that the Plaintiff has failed to make payment under the terms of the promissory note, the Defendants will fail to meet the condition precedents contained in the Security Deed prior to the foreclosure attempt on the property, the Defendant are not the rightful / lawful owner of the property. Lastly, the Defendant will fail to provide proper notice of foreclosure in accordance with O.C.G.A. § 44-16-162. Any undisputed facts must be construed in the light most favorable to the Plaintiff. In reviewing those facts the Court must deny any Motion to Dismiss filed by Defendants.

Dated this 18th day of April, 2016

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of April, 2016, I mailed a copy of the foregoing, United States Postal

Service first class mail to:

Bank of America N.A.
7105 Corporate Drive
Plano, Texas 75024

CT Corporation System
c/o Bank of America NA Registered Agent
1201 Peachtree Street NE
Atlanta, Georgia 30361

Rubin Lublin LLC
3740 Davinci Court
Suite 150
Peachtree Corners, Georgia 30092

Dated this 18th day of April, 2016

Respectfully submitted

Helen J. Hinton

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

8

HELEN J. HINTON
2416 Shamrock Drive
Decatur, Georgia 30032

April 14, 2016

Rubin Lublin LLC
3740 Davinci Court
Suite 150
Peachtree Corners, Georgia 30092

RE:     Notice of Foreclosure

## RESPONSE TO FORECLOSURE NOTICE

Helen J. Hinton having received Notice of Foreclosure from the law firm Rubin Lublin LLC; demands that

said law firm cease participation in this foreclosure proceeding.  On May 25, 2014, Helen J. Hinton

effectively revoked Power of Attorney with right of sale granted to Lender, its agents successors and heirs

and assigns. Rubin Lublin LLC does not have legal authority to act as Attorney in Fact for Helen J. Hinton

and will therefore cease to act as such.  Should Rubin Lublin LLC proceed with fraudulent representation

as Attorney in Fact - Helen J. Hinton will exercise any and all legal option available to her.

Sincerely,

Helen J. Hinton

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

1

HELEN J. HINTON
2416 Shamrock Drive
Decatur, Georgia 30032

April 14, 2016

Rubin Lublin LLC
3740 Davinci Court
Suite 150
Peachtree Corners, Georgia 30092

RE:    Notice of Foreclosure

## NOTICE OF FDCPA VIOLATIONS

I served notice that your client does not have power to foreclose on 2416 Shamrock Drive, Decatur,

Georgia 30032. As a debt collector your conduct is governed by the Fair Debt Collections Procedure Act

[FDCPA]. To date Rubin Lublin LLC has violated these provisions of the FDCPA:

## FALSE AND MISLEADING REPRESENTATIONS

15 USC § 1692e forbids a debt collector to threaten to take any action that cannot legally be taken. I have

revoked power of attorney that was previously granted to Bank of America NA. Consequently Bank of

America NA does not have legal authority to foreclose on 2416 Shamrock Drive, Decatur, Georgia 30032.

The FDCPA also requires that Rubin Lublin LLC cease collection activity upon knowledge that Bank of

America NA lacks standing to foreclose.

## UNFAIR PRACTICES

15 USC § 1692f does not allow Rubin Lublin LLC to take or threaten to take any non- judicial action to

effect dispossession or disablement of the property if there is no present right to possession of the property

claimed as collateral though an enforcement of a security interest. As I've previously stated the revocation

of power of attorney effectively ended Bank of America NA power to foreclose.

## HARASSMENT OF ABUSE

15 USC § 1692d forbids the advertisement for sale of any debt to coerce payment of this debt. The FDCPA

also forbids disclosure of the debt to third parties-legal publication of a foreclosure sale equal

abuse/harassment.

1

CONCLUSION

This Notice of FDCPA Violation has been forward to Rubin Lublin LLC by certified US Mail. The record now reflects that Rubin Lublin LLC is aware that Power of Attorney with power to sale has been revoked. Furthermore the record shows that Rubin Lublin LLC is on notice of these FDCPA violations. Should Rubin Lublin LLC contend that the revocation of power of attorney is invalid that issue must be addressed in a judicial proceeding. In lieu of the foregoing facts Rubin Lublin LLC is obliged to inform Helen J. Hinton in writing that collection attempts have ceased.

Sincerely,

Helen J. Hinton

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

2

Return To:
Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

April 14, 2016

Bank of America NA
7105 Corporate Drive
Plano, Texas 75024

RE:     QUALIFIED WRITTEN REQUEST (QWR)

Borrower:                 Helen J. Hinton
Property Address:         2416 Shamrock Drive
                          Decatur, Georgia 30032

Loan Number:              REDACTED

Please treat this letter as a "qualified written request" under the Federal Servicer Act, which is a part of the
Real Estate Settlement Procedure Act, 12 U.S.C. 2605(e). Specifically, I am requesting the following
information:

1. A complete and itemized statement of the loan history from the date of the loan to the Date of this
   letter including, but not limited to, all receipts by way of payment of Otherwise and all charges to
   the loan in whatever form. This history should include the Date of each and every debit and credit
   to any account related to this loan, and the Nature and purpose of each such debit and credit and
   the name and address of the Payee of any of disbursement related to this account.

2. A complete and item statement of the escrow account of the loan, if any Purpose that are not
   reflected on the loan history transaction statement provided in Answer to question #1.

3. A complete and itemized statement of the escrow account of the loan, if any, from the Date of the
   loan to the date of this letter, including, but not limited to any receipts for Disbursements with
   respect to real estate property taxes, fire or hazard insurance, flood insurance, mortgage insurance,
   credit insurance, or any other insurance product.

4. Have you purchase and charged to the account and Vendor's Single Interest Insurance?

5. A complete and itemized statement from the date of the loan to the date of this letter of any
   forced-placed insurance and expenses related thereto, related in any way to this loan.

6. A complete and itemized statement from the date of the loan to the date of this Letter of any
   suspense account entries and / or any corporate advance entries related in any way to this loan.

7. A complete and itemized statement from the data of the loan to the date of this letter of any
   property inspection fees, property preservation fees, broker opinion fees, appraisal fees,
   bankruptcy monitoring fees, or other similar fees or expenses related in any way to this loan.

8. Identify the provision under the Deed of Trust and / or note that authorizes charging each and
   every such fee against the loan of the debtors.

9. Please attach copies of all property inspection reports and appraisals.

10. A complete and itemized statement of any and all arrears including each month in which the
    default occurred, and the amount of each monthly default.

1

11. A complete and itemized statement of any late charges to this loan from the date of this loan to the date of this letter.

12. The current amount needed to pay off the loan in full.

13. A full and complete comprehensible definitional dictionary of all transaction codes and other similar terms used in the statements requested above.

14. A complete and itemized statement of any funds deposited in any suspension account or corporate advance account(s), including but not limited to, the balance in any such account or accounts and the nature, source and date of any and all funds deposited in such account or accounts.

15. A complete and itemized statement from the date of this loan to the date of this letter of amount, payment date, purpose and recipient of all foreclosure expenses, NSF check charges, legal fees, attorney fees, professional fees, and other expenses and cost that have been charged against or assessed to this loan,

16. The full name, address and phone number of the current holder of this debt. Including the name, address, and phone number of any trustee or fiduciary.

17. The name, address, and phone number of any master servicers, servicers, sub-servicers, contingency servicers, back-up servicers, or special servicers for the underlying mortgage debt.

18. The full name, address, and phone number of the current owner of this debt. Including the name, address, and phone number of any trustee or fiduciary.

19. Copies of all servicing, master servicing, sub-servicing, contingency servicing, special servicing or back-up servicing agreements with respect to this account.

20. All written loss-mitigation rules and work-out procedures related to any defaults. Regarding this loan and similar loans.

21. The procedural manual used with respect to the servicing or servicing of this loan.

22. A summary of all fixed or standard legal fees approved for any form of legal services rendered in connection with this account.

23. A copy of the transaction history report for the debtors mortgage loan account with a detailed description of all fee codes.

24. A copy of any trust agreement ever concerning the loan.

25. A copy of any pooling agreement ever concerning the loan.

26. A copy of any servicing agreement ever concerning the loan.

27. A copy of any custodian agreement ever concerning the loan.

28. A copy of any agreement concerning any Special Purpose Vehicle or Special Purpose Entity ("SPE") that ever held the loan.

29. A copy of all records concerning the transfer or assignment of the Loan between the date of execution of the Note and mortgage through to the date of your response to this request to produce starting with the first transfer or assignment made by the original lender.

2

You should be advised that you must acknowledge receipt of this qualified written request within 21 business days, pursuant to 12 U.S.C. Section 2605(e)(1)(A) and Reg. X Section 3500.21(e)(1).

Please acknowledge receipt and send the request documents to the following and:

> Helen J. Hinton
> 2416 Shamrock Drive
> Decatur, Georgia 30032

Please contact the person at (404) 289-4111 if you have any questions.

Helen J. Hinton

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

3

CERTIFICATE OF SERVICE

This is to certify that I, Helen J. Hinton have on this day served:

Bank of America N.A.
7105 Corporate Drive
Plano, Texas 75024

Rubin Lublin LLC
3740 Davinci Court
Suite 150
Peachtree Corners, Georgia 30092

Bank of America NA
100 North Tryon Street
Charlotte, NC 28255

This 14th day of April, 2016

Helen J. Hinton

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

4

Return To:
Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

April 14, 2016

Rubin Lublin LLC
3740 Davinci Court
Suite 150
Peactree Corners, Georgia 30092

RE: Notice of Unlawful Foreclosure Attempt

Alleged Loan Number:                    REDACTED
Property Address:                       2416 Shamrock Drive
                                        Decatur, Georgia 30032

Per our request for Debt Validation on May 25, 2014; enclosed you will find copies of documents filed in
DeKalb County, which address your illegal attempts to harm or take unlawful possession without due
process of law the above mentioned property. The documents are as following:

1. Affidavit of Fraudulent Security Deed Illegality - Pursuant to OCGA 44-14-184

2. Proof of Claim of Debt Validation – Pursuant to Federal FDCPA

3. Rescission of Notice Demand – Pursuant to Federal TILA

4. Revocation of Power of Attorney – Pursuant to OCGA 10-6-141

Please note that your firm shall be held liable with continue collection and or foreclosure activities under
and not limited to the, TILA, FDCPA, FCBA and Georgia Code § 44-14-236, Rivera Equipment Inc. vs
Omega Equipment Corp. 147 GA app.412, 244
S.E. 2d 139(1978)

5. Affidavit of Foreclosure Fraud – Pursuant OCGA 16-9-60

Any attempts to trespass, harass, or send third parties to invade the privacy of the dwelling on behalf of
your law firm, Bank of America NA, Bank of America Home Loans, Bank of America Corporation, Bank
of New York as Trustee of Behalf of the Certificate Holders, KPND Trust R. Woods, National City
Mortgage Co dba Accubanc Mortgage, BAC Home Loans Servicing LP, Mortgage Electronic Registration
Systems Inc.or its successor or assignees, shall result in criminal or civil sanctions. All communications
must be in writing and no one should come on the property without written permission from Helen J.
Hintonor possess a writ of possession through a legal court hearing.

Please refer all written communication actions or notification:

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

Your attention to this matter is urgent and would be appreciated.

1

### Affidavit of ILLEGALITY NOTICE:
Fraudulent Promissory and Security Deed

I, Helen J. Hinton, swear under oath and subject to the penalty of perjury that the following facts and statements are true and correct:

1. I am the absolute owner of the following property located and has the legal Description, as follows:

2. I own 100% of all the security interest in the property listed in line one of this affidavit by virtue of a fraudulent Promissory Note and Security Deed.

3. I revoke any and all previously given agreements or intent for giving Power of Attorney as well as Waiver of Borrowers Rights for the Lender, its nominee, assignee, or transferee or successor, as their interests may appear to act as our Attorney-In-Fact which applies to all interested parties in Any Mortgage Backed Security Scheme. I affirm that the Power of Attorney is revoked pursuant to OCGA 10-6-141 and rights under UCC and contract law. The representation by Mortgage Electronic Registration Systems, Inc. (MERS) through Bank of America NA, Bank of America Home Loans, Bank of America Corporation, McCalla Raymer LLC, Bank of New York as Trustee of Behalf of the Certificate Holders, KPND Trust R. Woods, National City Mortgage Co dba Accubanc Mortgage and BAC Home Loans Servicing LP is now void as of this date of this notice for breach of contract, default due to a fraudulent Promissory Note and Security Deed.

4. All agents, trustees, officers, legal representatives such as ........ shall become known as parties to this action and activity of FRAUD BY VIRTUE of Bank of America NA, Rubin Lublin LLC, Bank of America Home Loans, Bank of America Corporation, McCalla Raymer LLC, Bank of New York as Trustee of Behalf of the Certificate Holders, KPND Trust R. Woods, National City Mortgage Co dba Accubanc Mortgage, BAC Home Loans Servicing LP and Mortgage Electronic Registration Systems Inc.,default in validation the fact that they are in possession of the Original Promissory Note and Security Deed instruments when demanded in written notices per Security Deed Notice Breach to Adhere to Notice and to give the Borrower a Verified copy of all instruments, and failure to disclose material facts about creating or selling the Original Promissory Note as an investment per the National Bank Act of 1964.

5. By the Power of the Grantor, Helen J. Hinton, revokes the Attorney-In-Fact or Limited Power of ATTORNEY OR Deed Under Power privileges pursuant to OCGA 10-6-141, and demand a Rescission of the Loan under TILA and Georgia Contract law and for an immediate "cease and desist" of all foreclosure and collection activity pursuant to FDCPA and TILA.

Sworn on this 14th day of April, 2016

_____          _____
Unofficial Witness                Helen J. Hinton

_____   _____        Seal
Notary                    Date

Helen J. Hinton

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and forgoing has been furnished by U.S. Mail

to the following:

Bank of America N.A.
7105 Corporate Drive
Plano, Texas 75024

Rubin Lublin LLC
3740 Davinci Court
Suite 150
Peactree Corners, Georgia 30092

Bank of America NA
100 North Tryon Street
Charlotte, NC 28255

In the foregoing matter with a copy by US Postal Service.

Dated this 14th day of April, 2016.

Helen J. Hinton

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

4

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

Helen J. Hinton                                           Civil Case Number:

Plaintiff,

vs.

Bank of America NA,
Rubin Lublin LLC,
Bank of New York as Trustee of Behalf of
the Certificate Holders KPND Trust R. Woods

Defendants.

## NOTICE OF FDCPA VIOLATIONS

On May 25, 2014, I served notice that your client did not have power to foreclose on 2416 Shamrock

Drive, Decatur, Georgia 30032. As a debt collector your conduct is governed by the Fair Debt Collections

Procedure Act [FDCPA]. To date Rubin Lublin LLC has violated these provisions of the FDCPA:

## FALSE AND MISLEADING REPRESENTATIONS

15 USC § 1692e forbids a debt collector to threaten to take any action that cannot legally be taken. I have

revoked power of attorney that was previously granted to Bank of America NA does not have legal

authority to foreclose on 2416 Shamrock Drive, Decatur, Georgia 30032. The FDCPA also requires that

Rubin Lublin LLC cease collection activity upon knowledge that Bank of America NA lacks standing to

foreclose.

## UNFAIR PRACTICES

15 USC § 1692f does not allow Rubin Lublin LLC to take or threaten to take any judicial action to effect

dispossession or disablement of the property if there is no present right to possession of the property

claimed as collateral though an enforcement of a security interest. As I've previously stated the revocation

of power of attorney effectively ended Bank of America NA power to foreclose.

## HARASSMENT OF ABUSE

15 USC § 1692d forbids the advertisement for sale of any debt to coerce payment of debt. The FDCPA

also forbids disclosure of the debt to third parties legal publication of a foreclosure sale equal

abuse/harassment.

1

## CONCLUSION

This Notice of FDCPA Violation has been forward to Rubin Lublin LLC by certified US Mail. The record now reflects that Rubin Lublin LLC is aware that Power of Attorney with power to sale has been revoked. Furthermore the record shows that Rubin Lublin LLC is on notice of these FDCPA violations. Should Rubin Lublin LLC contend that the revocation of power of attorney is invalid that issue must be addressed in a non-judicial proceeding. In lieu of the foregoing facts Rubin Lublin LLC is obliged to inform Helen J. Hinton in writing that collection attempts have ceased.

Sincerely,

Helen J. Hinton

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

2

CERTIFICATE OF SERVICE

IHEREBY CERTIFY that a true and correct and correct copy of the above and foregoing has been

furnished by U.S. Mail: named Bank of America NA, Bank of America Home Loans, Rubin Lublin LLC,

Bank of America Corporation, McCalla Raymer LLC, Bank of New York as Trustee of Behalf of the

Certificate Holders, KPND Trust R. Woods, National City Mortgage Co dba Accubanc Mortgage, BAC

Home Loans Servicing LP and Mortgage Electronic Registration Systems Inc. this 26th day of July, 2015.

Bank of America N.A.
7105 Corporate Drive
Plano, Texas 75024

Rubin Lublin LLC
3740 Davinci Court
Suite 150
Peachtree Corners, Georgia 30092

CT Corporation System
1201 Peachtree Street NE
Atlanta, Georgia 30361

Helen J. Hinton

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

3

Return To
Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

THIS IS NOT A PUBLIC
COMMUNICATION
Notice to Agent is Notice to Principle
Notice to Principle is Notice to Agent
Applicable to all successors and assigns
Silence is Acquiescence/Agreement/Dishonor
This is self-executing contract.

Bank of America N.A.
7105 Corporate Drive
Plano, Texas 75024

Rubin Lublin LLC
3740 Davinci Court
Suite 150
Peachtree Corners, Georgia 30092

### Debt Validation Final Notice Clarification

Alleged Loan Number:            REDACTED
Subject Address:                2416 Shamrock Drive
                               Decatur, Georgia 30032

I am sending you a clarification to my "Qualified Written Request: Final Notice" that you received on January 12, 2013. You are still within the sixty (60) day period to comply under Section 6 of RESPA and under TILA § 1605 et seq., respectively.

It was stated in the previous request that pursuant to the FDCPA and all the above Statues you must CEASE and DESIST any and all foreclosure and collection activity, in any and every form, including reporting any payment activities until you provide "such verification" requested. In *Jang v A.M. Miller & Assocs.*, U.S. App. (7th Cir.), 122 F.3d 480; 1977, the Court stated that 15 U.S.C. "section 1692g(b) gives debt collectors two options when receiving requests for validation: provide the requested validations and continue their debt collecting activities, or they may cease all collection activities. See Smith v. Transworld Systems, Inc., 963 F. 2d 1025, 1031 (6th Cir. 1992)."

Your failure to provide anything less than the verification requested, in the form of a third-party, independent audit meeting all of GAAP requirements, which would show the source and seasoning of and alleged loan, double book entries to show the increase in equity and decrease in liability, an unaltered Original Promissory Note, as committed in the Security Deed paragraph 15, herein within seventy-two (72) hours of receipt of this notice, shall be deemed a **Breach of Private Duty pursuant to OCGA 51-1-8, OCGA 11-3-306 and OCGA 11-3-307.** Continued attempted to collect on the alleged debt, shall be deemed a violation of all above statues, including the FDCPA for providing false misleading and or deceptive information, Fraud and deceit by misrepresenting the character, violations under the National Banking Act and coercion, as well as failure to provide verification of the alleged debt. Acceleration of the alleged debt is not an option for you, until you provide proof of claim under full corporate affidavit.

There is no statement, in my last letter, for you to cease or stop writing!!!!!! This is a misrepresentation of the material fact including deceitful application of the laws that regulate collection activities under FDCPA and RESPA loan servicing. I am invoking and enforcing the rights of the borrower and the Lender/loan servicer to provide written notices per paragraph 8 in the Original Promissory Note and paragraph 15 of the

1

Security Deed, respectively. I do not want harassing phone calls. There is no need for phone calls, just the due diligence on part of your Fiduciary Duty.

ADDITIONALLY, any form of collection activity and or reporting of negative/derogatory information about said account to "Credit Reporting Agencies" by debt collector and or their client, and or their agent/assigns absent of the debt collector and or their client providing verification and or adequate assurance of the alleged debt owed by me will be deemed as intentional and willful defamation and libel of my good name and character and harassment for the purpose of inducement or collection of money from me to which the "lender" has no legal right and false billing under FCBA statue.

Helen J. Hinton

Notary                          Date                          Seal



Cc: State of Georgia, Office of Attorney General
    State of Georgia Governors Office of Consumers Affairs
    U.S. Attorney Office, Northern District of Georgia
    Office of the Comptroller of the Currency

2

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and forgoing has been furnished by U.S. Mail to

the following:

Bank of America N.A.
7105 Corporate Drive
Plano, Texas 75024

Rubin Lublin LLC
3740 Davinci Court
Suite 150
Peachtree Corners, Georgia 30092

Bank of America NA
100 North Tryon Street
Charlotte, NC 28255

In the foregoing matter with a copy by US Postal Service.

Dated this 14th day of April, 2016.

Helen J. Hinton

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

HELEN J. HINTON
2416 Shamrock Drive
Decatur, Georgia 30032

April 14, 2016

Rubin Lublin LLC
3740 Davinci Court
Suite 150
Peachtree Corners, Georgia 30092

|  |  |  |
|---|---|---|
| RE: | Name: | Helen J. Hinton |
|  | Your Client(s): | Bank of America NA, |
|  |  | Bank of America Home Loans, |
|  |  | Bank of America Corporation, |
|  |  | Bank of New York as Trustee of |
|  |  | Behalf of the Certificate Holders, |
|  |  | KPND Trust R. Woods, |
|  |  | National City Mortgage Co dba Accubanc Mortgage, |
|  |  | BAC Home Loans Servicing LP, |
|  |  | Mortgage Electronic Registration |
|  |  | Systems Inc. |

To Whom It May Concern:

My name is Helen J. Hinton; in regard to the above style file. Please send all future correspondence to my attention. At this time, I dispute the debt alleged in your letter. Further, I demand to know the name and address of the original debtor in this matter.

While I dispute the debt in this matter, I would like to discuss this file with someone at greater depth. Please feel free to call me at your earliest convenience.

Sincerely,

*Helen J. Hinton*

Helen J. Hinton

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

1

Return To
Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

April 14, 2016

Helen J. Hinton                                    Loan Number:REDACTED

Plaintiff,

vs.

Bank of America NA,
Rubin Lublin LLC,
Bank of America Home Loans,
Bank of America Corporation,
Bank of New York as Trustee of
Behalf of the Certificate Holders,
KPND Trust R. Woods,
National City Mortgage Co dba Accubanc Mortgage,
BAC Home Loans Servicing LP
Mortgage Electronic Registration Systems Inc.

Defendants.

## REQUEST FOR PRODUCTION OF DOCUMENT

Plaintiff Helen J. Hinton request Bank of America NA; to produce within sixty (60) days of the service

hereof, at 2416 Shamrock Drive, Decatur, Georgia 30032the Original Promissory Note signed by both

National City Mortgage Co dba Accubanc Mortgage and Helen J. Hinton on March 15, 2002.


Helen J. Hinton


Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

1

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of PLAINTIFF REQUEST FOR PRODUCTION OF

DOCUMENT has been served upon all parties with proper postage affixed and addressed as follows:

Bank of America N.A.
7105 Corporate Drive
Plano, Texas 75024

Rubin Lublin LLC
3740 Davinci Court
Suite 150
Peachtree Corners, Georgia 30092

Bank of America NA
100 North Tryon Street
Charlotte, NC 28255

In the foregoing matter with a copy of Plaintiff's Request for Production of
Documents to Defendant by US Postal Service.

Dated this 14th day of April, 2016.

Helen J. Hinton

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

April 14, 2016

Helen J. Hinton                                        Loan Number: REDACTED

Plaintiff,                            .

vs.

Bank of America NA,
Rubin Lublin LLC,
Bank of America Corporation,
Bank of America Home Loans,
Bank of New York as Trustee of
Behalf of the Certificate Holders,
KPND Trust R. Woods,
National City Mortgage Co dba Accubanc Mortgage,
BAC Home Loans Servicing LP
Mortgage Electronic Registration Systems Inc.

Defendants.

### PLAINTIFF'S PETITION TO BANK OF AMERICA N.A.TO PRODUCE THE ORIGINAL PROMISSORY NOTE, MOTION TO COMPEL AND MOTION FOR TEMPORARY INJUNCTION

**COMES NOW** HELEN J. HINTON, Plaintiff in the above-styled case and respectfully moves this

court for the entry of an Order directing the Bank of America NA to produce to Plaintiff the documents

described in the request to produce which is attached as ("Exhibit A) to this action. The basis for the relief

requested is set forth below.

Bank of America NA, has not produced the requested documents to Plaintiff nor contacted Plaintiff to

state that the documents are available for inspection or copying.

Plaintiff hereby request that this court enter an Order directing Bank of America NA to produce the

documents requested by Plaintiffs in the request to produce, provide Plaintiff such other and further relief

to which Plaintiff may be justly entitled under the circumstance, and issue a temporary injunction from the

sale of certain real property 2416 Shamrock Drive, Decatur, Georgia 30032, documentation is presented by

Bank of America, or further order of this Court.

WHEREFORE, Plaintiff asks the court to have Bank of America NA to produce the Original

Promissory Note from the original sale.

In order to foreclose on real property 2416 Shamrock Drive, Decatur, Georgia 30032 Bank of America

NA: produce the Original Promissory Note if they don't have the Original Promissory Note:

3

1.  Bank of America NA must claim that it no longer has the Original Promissory Note

2.  Bank of America NA must prove that it was properly in possession on the Original Promissory Note and had standing to enforce it WHEN they lost possession of the Original Promissory Note

3.  Bank of America NA must prove it didn't "lose" the Original Promissory Note simply because it transferred it to someone else

4.  Bank of America NA must prove that it cannot produce the Original Promissory Note, because the instrument was destroyed or its whereabouts cannot be determined it was stolen by someone who had no right to it.

This the 14th day of April, 2016.

Helen J. Hinton

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

4

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of PLAINTIFF PETITION TO PRODUCE THE

ORIGINAL PROMISSORY NOTE, PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR

TEMPORARY INJUNCTION TO DEFENDANTS has been served upon all parties with proper postage

affixed and addressed as follows:

Bank of America N.A.
7105 Corporate Drive
Plano, Texas 75024

Rubin Lublin LLC
3740 Davinci Court
Suite 150
Peachtree Corners, Georgia 30092

Bank of America NA
100 North Tryon Street
Charlotte, NC 28255

Dated this 14th day of April, 2016.

Helen J. Hinton

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

April 14, 2016

TO:  Bank of America NA

RE:     My Request For The Original Promissory Note

     Name:              Helen J. Hinton
     Address:          2416 Shamrock Drive
                        Decatur, Georgia 30032

     Loan Number:       REDACTED

Dear Lienholder:

I am the owner of certain real property located at 2416 Shamrock Drive, Decatur, Georgia 30032 which

is security for a loan.  Please produce for my inspection within sixty 60 days the Original Promissory Note

which I the Plaintiff and Defendants signed.

If you have any question regarding our request, please call me at (404) 289-4111.


Helen J. Hinton




Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and forgoing has been furnished by U.S. Mail

to the following:

Bank of America N.A.
7105 Corporate Drive
Plano, Texas 75024

Rubin Lublin LLC
3740 Davinci Court
Suite 150
Peachtree Corners, Georgia 30092

Bank of America NA
100 North Tryon Street
Charlotte, NC 28255

In the foregoing matter with a copy by US Postal Service.

Dated this 14th day of April, 2016.

Helen J. Hinton

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

7

Return To
Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

April 14, 2016

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

### Notice Of Right To Cancel

TILA (Truth In Lending Act, 15 USC 1601 et seq 12 CFR Part 226) allows three years to review Disclosure Documents. The referenced "Three Day Right to Cancel" must have a trigger to begin. That trigger, is when Bank of America NA, Bank of America Home Loans, Rubin Lublin LLC, Bank of America Corporation, McCalla Raymer LLC, Bank of New York as Trustee of Behalf of the Certificate Holders, KPND Trust R. Woods, National City Mortgage Co dba Accubanc Mortgage, BAC Home Loans Servicing LP and Mortgage Electronic Registration Systems Inc. have provided Helen J. Hinton with ALL of the required Disclosures under TILA, and that the same are true, complete, accurate, and timely provided.

Being as the entire purported loan / mortgage process and Security Deed referenced herein and throughout, was obtained by wrongful acts of fraud inducement, concealment and fraudulent misrepresentation, Helen J. Hinton have other recourse, right and cause of action under numerous state and federal statue. Acts of fraud taint / void everything it touches as the US Supreme Court has declared: **"There is no question of the general doctrine that fraud vitiates the most solemn contracts, documents, and even judgments." (United States v. Throckmorton, 98 U.S. 61)**

To this date, Bank of America NA, Bank of America Corporation, Rubin Lublin LLC,  Bank of America Home Loans, McCalla Raymer LLC, Bank of New York as Trustee of Behalf of the Certificate Holders, KPND Trust R. Woods, National City Mortgage Co dba Accubanc Mortgage, BAC Home Loans Servicing LP and Mortgage Electronic Registration Systems Inc. have never provided Helen J. Hinton with true, complete, accurate or timely documents as required.  Only after such provision has been done, can the "3 Day Right To Cancel" period begin.  If the required full Disclosure(s) have not been provided then the period in which Cancel is extended for up to (3) years. The record thus far evidence, that Helen J. Hinton has requested to cancel with the stipulated three year time period, while still waiting to receive all Truth–in-Lending disclosure as required by Federal Law, the same of which have never been received.

A close perusal / audit of Helen J. Hinton's mortgage documents has revealed certain Disclosure Violations; and that Helen J. Hinton have the remedial right to remedy (UCC 1-201 (32) (34), inter alia, to invoke their Right of Rescission (ROR) as further evidence by the original NOTICE OF RIGHT TO CANCEL.  You will also please find Helen J. Hinton signed and dated Notice to the Lender(s) Successor(s) and Beneficiary as stated on the NOTICE OF RIGHT TO CANCEL, if provided in the loan package.  If such Notice was not provided, **this written Notice of Communication is provided in lieu thereof.**

After sufficient Notice has been given to Bank of America NA, Bank of America Corporation, Rubin Lublin LLC, Bank of America Home Loans, McCalla Raymer LLC, Bank of New York as Trustee of Behalf of the Certificate Holders, KPND Trust R. Woods, National City Mortgage Co dba Accubanc Mortgage, BAC Home Loans Servicing LP and Mortgage Electronic Registration Systems Inc. are required by Federal Law to cancel any lien(s) and to cancel any security interest on Helen J. Hinton's home within sixty (60) days. Bank of America NA, Bank of America Corporation, Rubin Lublin LLC, Bank of America Home Loans, McCalla Raymer LLC, Bank of New York as Trustee of Behalf of the Certificate Holders, KPND Trust R. Woods, National City Mortgage Co dba Accubanc Mortgage,

1

BAC Home Loans Servicing LP and Mortgage Electronic Registration Systems Inc. also return any money, interest, fee's, and or property to Helen J. Hinton, as well as any money / funds given to any persons or other fiction in law / entity in connection with said transaction.

In accordance with both State and Federal law or until Bank of America NA, Rubin Lublin LLC, Bank of America Corporation, McCalla Raymer LLC, Bank of New York as Trustee of Behalf of the Certificate Holders, KPND Trust R. Woods, National City Mortgage Co dba Accubanc Mortgage, BAC Home Loans Servicing LP and Mortgage Electronic Registration Systems Inc. complies. Helen J. Hinton may retain the proceeds of the transaction. If it should be impractical or unfair for Helen J. Hinton to return the property when gross discrepancies, fraud, or other wrongful acts are discovered – then she may offer its Reasonable Value.

In the event Bank of America NA, Bank of America Corporation, Rubin Lublin LLC, Bank of America Home Loans, McCalla Raymer LLC, Bank of New York as Trustee of Behalf of the Certificate Holders, KPND Trust R. Woods, National City Mortgage Co dba Accubanc Mortgage, BAC Home Loans Servicing LP and Mortgage Electronic Registration Systems Inc. should fail or refuse to take possession of the property or return Helen J. Hinton's money offer within sixty (60) days. Helen J. Hinton may then regain / acquire all rights to clear title and re-conveyance under Federal Law and provisions of TILA.

Additionally, Helen J. Hinton has the right to offer Bank of America NA, Bank of America Corporation, Rubin Lublin LLC, Bank of America Home Loans, McCalla Raymer LLC, Bank of New York as Trustee of Behalf of the Certificate Holders, KPND Trust R. Woods, National City Mortgage Co dba Accubanc Mortgage, BAC Home Loans Servicing LP and Mortgage Electronic Registration Systems Inc. Reasonable Value. However, the penalty that a bank can face for violations of TILA and other State and Federal law can be as much as triple damage … i.e., triple the amount of the interest the bank stood to fraudulently make off of the mortgage / loan transaction. Therefore, Helen J. Hinton hereby in good faith make the following offer: Helen J. Hinton will give Bank of America NA, Rubin Lublin LLC, Bank of America Home Loans, Bank of America Corporation, McCalla Raymer LLC, Bank of New York as Trustee of Behalf of the Certificate Holders, KPND Trust R. Woods, National City Mortgage Co dba Accubanc Mortgage, BAC Home Loans Servicing LP and Mortgage Electronic Registration Systems Inc. any liability incurred by its wrongful action, provide Bank of America NA, Rubin Lublin LLC, Bank of America Corporation, Bank of America Home Loans, McCalla Raymer LLC, Bank of New York as Trustee of Behalf of the Certificate Holders, KPND Trust R. Woods, National City Mortgage Co dba Accubanc Mortgage, BAC Home Loans Servicing LP and Mortgage Electronic Registration Systems Inc. rightfully forgive Helen J. Hinton the full amount of the mortgage / credit you fraudulent allege to have given. In addition, Helen J. Hinton the one time demand of $169,024.73 for any loss, damage, and injury she has sustained; and that Bank of America NA, Bank of America Corporation, Rubin Lublin LLC, Bank of America Home Loans, McCalla Raymer LLC, Bank of New York as Trustee of Behalf of the Certificate Holders, KPND Trust R. Woods, National City Mortgage Co dba Accubanc Mortgage, BAC Home Loans Servicing LP and Mortgage Electronic Registration Systems Inc. also remove all / any negative comments on Helen J. Hinton's credit report attributed to this transaction.

Any default, failure, or noncompliance on Bank of America NA, Rubin Lublin LLC, Bank of America Corporation, Bank of America Home Loans, McCalla Raymer LLC, Bank of New York as Trustee of Behalf of the Certificate Holders, KPND Trust R. Woods, National City Mortgage Co dba Accubanc Mortgage, BAC Home Loans Servicing LP and Mortgage Electronic Registration Systems Inc. to perform as herein directed with sixty (60) days of receipt shall constitute of Notice of Right to Cancel as valid and fully agreed / accepted pursuant to the terms and conditions as set forth herein and throughout.

Done this _____ day of _____ 2016

All rights reserved.  Without Prejudice

By: _____ Unofficial Witness: _____
Helen J. Hinton

Secured Party Creditor to legal fiction, Helen J. Hinton.

Signed before me.  Witness my hand and seal

(SEAL)

_____   _____
NOTARY PUBLIC             DATE

STEFANIE VAUGHAN
MY COMMISSION EXPIRES
MAR
28
2017
DEKALB CO., GEORGIA
NOTARY PUBLIC

3

April 14, 2016

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

## Notice Of Removal

1. Effective immediately, the undersigned Helen J. Hinton forever removes / releases / discharges all: "Trustee(s), Successor Trustee(s), Submitted Trustee, Agent(s) Servicer(s), Assign(s), Transfer(s), Substitution Trustee, Agents, Servicer(s), Assign(s), Transfer(s), known and unknown", including Helen J. Hinton existing under the laws of Georgia; and Thereby removing and terminating the same from any and all duties and forever barring / stopping the aforesaid from any further appointments or assignment originally granted or contained within the Security Deed concerned herein.

2. Effective immediately, the undersigned Helen J. Hinton forever Revokes / Cancel / Voids / Rescinds any / all duties, appointment, or assignments originally granted by Revocation of Power of Attorney, Authority, or otherwise granted / granting, and or signs / signatures, assigned / assigning to any party(ies) including alleged lender and successors, known and unknown including but not limited to Bank of America NA, Bank of America Home Loans, Rubin Lublin LLC, Bank of America Corporation, McCalla Raymer LLC, Bank of New York as Trustee of Behalf of the Certificate Holders, KPND Trust R. Woods, National City Mortgage Co dba Accubanc Mortgage, BAC Home Loans Servicing LP and Mortgage Electronic Registration Systems Inc. Thereby removing and terminating the same from any and all duties and forever barring / stopping the aforesaid of any further appointments of any and any "TRUSTEE(S)", "SUCCESSOR TRUSTEE(S)", "SUBSTITUTES", OR "BENEFICIARY(S)".

## LET IT BE KNOWN

All above name "Trustee, Successor Trustee(s), Beneficiary(s), or Assigns, Substitutes, known or unknown in clauses 1 and 2 above, are hereby directed to immediately CEASE and DESIST any further actions through said through said appointments / assignments granted. Any such continued or further action by ANY of the above name parties may result in legal action against them.

Be it further known, Grantor(s) / Trustor(s): Helen J. Hinton hereby QUITCLAIM's all aforementioned duty(s) and benefit(s) of "Trustee" and "Beneficiary" regarding original Security Deed to Helen J. Hinton.

Done this _____16th_____ day of _____April_____ 2016

All rights reserved.  Without Prejudice

By: _Helen J. Hinton_           Unofficial Witness: _____

Helen J. Hinton

Secured Party Creditor to legal fiction, Helen J. Hinton.

Signed before me.  Witness my hand and seal

_Stefanie Vaughan_                _4/16/16_          (SEAL)
NOTARY PUBLIC                      DATE

STEFANIE VAUGHAN
MY COMMISSION EXPIRES
MAR 23 2017
DEKALB CO., GEORGIA
NOTARY PUBLIC

5

April 14, 2016

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

## NOTICE OF REVOCATION OF POWER OF ATTORNEY

**Helen J. Hinton Do Hereby Declare:**

That, due to the discovery of various elements of fraud, fraudulent inducement, fraudulent misrepresentation, entrapment and nondisclosure resulting in the deprivation of my property by Bank of America NA, Rubin Lublin LLC, Bank of America Corporation, Bank of America Home Loans, McCalla Raymer LLC, Bank of New York as Trustee of Behalf of the Certificate Holders, KPND Trust R. Woods, National City Mortgage Co dba Accubanc Mortgage, BAC Home Loans Servicing LP and Mortgage Electronic Registration Systems Inc. and or by any of its agents and or assignees; and after a recent review / audit and a close perusal of the purported Loan, Trust Deed and Security Agreement records – I Helen J. Hinton, do hereby refuse to knowingly accept, or otherwise participate in ANY part of fraud and other wrongful actions involving the purported Promissory Note / Security Instrument / Trust Deed; and, further do hereby revoke, rescind, and terminate all my signatures relating to any and all said deeds, notes, and agreements from their inception.

Furthermore, I Helen J. Hinton, do hereby revoke, terminate, and rescind all Power of Attorney, in fact or otherwise, previously assigned by us, implied in law, by trust or otherwise, with or without my consent and or knowledge, as such pertains to any property, real or personal, promissory note, Security Deed and mortgage, involving the property specifically addressed and identified as 2416 Shamrock Drive, Decatur, Georgia 30032.

Helen J. Hinton

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

6

By: _____ Unofficial Witness: _____
Helen J. Hinton

Subscribed and sworn to (affirmed) before me on this _11_ day of _April_____ 2016, by

_____, proved to me on the basis of satisfactory evidence to

be the person(s) who appeared before me.

_____ (SEAL)
NOTARY

STEFANIE VAUGHAN
MY COMMISSION EXPIRES
MAR
23
2017
DEKALB CO., GEORGIA
NOTARY PUBLIC

7

Return To
Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

### PUBLIC HAZARD BONDING OF CORPORATE AGENTS

All officials are required by federal, state and municipal law to provide the name, address and telephone
number of their public hazard and malpractice bonding company and the policy number of the bond and if
required, a copy of the policy describing the bonding coverage of their specific job performance. Failure to
provide this information constitutes corporate and limited liability insurance fraud (15 USC) and is prim-a-
facie evidence and grounds to impose a lien upon the official personally to secure their public oath and
service of office.

I Helen J. Hinton, certify on my own commercial liability that I have read the above and I have grounds
and do believe that the above acts were committed contrary to law and in violation of the contract and to
the best of my knowledge and recollection it is true, correct, and complete, and not misleading, the truth,
the whole truth and nothing but the truth.


Helen J. Hinton


Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

1

The above name Affiant, appeared before me, a Notary, subscribed, sworn under oath.

this _____ day of __April__ 2016

Notary

SEAL

STEFANIE VAUGHAN
MY COMMISSION EXPIRES
MAR 23 2017
DEKALB CO., GEORGIA
NOTARY PUBLIC

Return To
Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

THIS IS NOT A PUBLIC
COMMUNICATION
Notice to Agent is Notice to Principle
Notice to Principle is Notice to Agent
Applicable to all successors and assigns
Silence is Acquiescence/Agreement/Dishonor
This is self-executing contract

## RIGHT TO RESCIND

**I, Helen J. Hinton HEREBY EXERCISE MY RIGHT TO RESCIND THE LOAN
TRANSACTION IN ITS ENTIRETY UNDER THE THREE DAY RULE, THE THREE YEAR
LIMITATION, AND UNDER THE USURY AND GENERAL CLAIMS THEORIES AND
CAUSES OF ACTION.  BY FAILING TO DISCLOSE COUNTRYWIDE HOME LOANS
SERVICING LP NOR BANK OF AMERICA NA AT CLOSING WAS PAID TO POSE AS
THE LENDER WHEN IN FACT AN UNDISCLOSED UNREGISTERED THIRD PARTY HAD
RENTED THE CHARTER OR LENDING LICENSE OF COUNTRYWIDE HOME LOANS
SERVICING LP AND BANK OF AMERICA NA THE LIMITATION ON MY RIGHT TO
RESCIND WAS EXTENDED INDEFINITELY.  UNDER STATE AND FEDERAL LAW, THE
MORTGAGE IS NOW EXTINGUISHED AND YOUR RIGHTS UNDER THE TRUSTEE
DEED HAVETERMINATED.I** Helen J. Hinton hereby rescind my loan and declare it to be null and
void and demand treble damages for the face value of the note, on the ground set forth below.

1.  **Appraisal Fraud:** The original loan transaction and application were falsified by the lender (the
party name at the closing as the beneficiary under the Trustee or the mortgage, and the party
named on the promissory note that was allegedly secured by the mortgage or terms of the Security
Deed), its agents servants and employees as to fair market value of the property, the borrower's
ability to repay and the prospective terms and fees associated with the loan.  At the behest and
direction of National City Mortgage Co. dba Accuba Mortgage the property was appraised at a
much higher amount that was warranted by good appraisal practices conforming to industry
standards.  All parties at the loan closing, other than Helen J. Hinton were aware of the appraisal
fraud and directly and intentionally withheld this vital information from Helen J. Hinton. Helen J.
Hinton reasonably relied upon this appraisal, believing that National City Mortgage Co. dba
Accuba Mortgage was at risk and had performed due diligence and conformed with underwriting
practices conforming with industry standards, when in fact National City Mortgage Co. dba
Accuba Mortgage was not at risk, the loan was in essence "table funded" and the real lender was
hidden from Helen J. Hinton.  Not only did Helen J. Hinton not know about the existence of the
real lender, but the real lender's identify and contact information were withheld at the loan closing
so that the was unaware of the any of the realities of the closing, nor that the "loan closing" was in
fact part of a scheme to issue a negotiable instrument that would be issued by the borrower (by
trick and deception) and later converted to uses and terms, including allocation of payments
inconsistent with the original terms of the note and inconsistent with the reasonable expectations
of Helen J. Hinton.  The over-appraisal conformed to an illegal scheme to defraud investors in
certificates of asset backed securities that were similarly overvalued.  In both instances the
appraisal of the property and the appraisal of the securities, the true parties to the entire transaction
paid and directed "independent" third parties to lie about the quality and value of the
"investment".  For Helen J. Hinton, the scheme shortened the expected life or duration of the loan
transaction, and taking the appraisal fraud into consideration, along with the many undisclosed
fees, resulted in an exponentially higher cost of the loan than what was estimated or disclosed
prior to or at closing.  Helen J. Hinton was induced to pay more for the property and borrow more
on the property than the property was worth.

1

2. **Fraud In The Inducement:** Helen J. Hinton reasonably relied on National City Mortgage Co. dba Accuba Mortgage detriment upon the representations and good faith estimates and the duty of the mortgage broker and "lender" to act within their duties as fiduciaries and representatives of Helen J. Hinton in executing a loan that was vastly different from the loan Helen J. Hinton was promised or reasonably believed to be the case at the loan closing.

3. **Fraud in the Execution:** Helen J. Hinton reasonably relied upon the representations and good faith estimates of the parties at the loan closing and was tricked into issuing what became a negotiable security from which the participants received fees and profits far in excess of their normal remuneration. The participants at the loan closing knew that Helen J. Hinton believed that Helen J. Hinton was merely entering into a loan closing when Helen J. Hinton, without her knowledge or consent was in fact issuing what would be used as a negotiable security to commit fraud upon other third parties.

4. **Usury:** The appraisal fraud resulted in an undisclosed cost of the loan, in addition to the loss of earnest money, cost of the closing and after-purchase expenses and cost that raised the cost of the loan well above standards set in this for usury. No exemptions apply because

   1. the real lender was not a bank or other registered or chartered lender nor even a party registered to do business within this state

   2. The transaction was in fact a securities transaction in which the rights of rescission were ignored and undisclosed.

5. **Payment:** National City Mortgage Co. dba Accuba Mortgage was paid in full before during and or immediately following the loan closing by an agent of the real lender. To this was added a fee of at least 2.5%. If there was or is a party that a holder in due course of the note and who has not been paid by reserves, over collateralization, credit default swaps, insurance, or cross guarantees, then demand is herewith made for the names(s) of such holder(s) in due course and their contact information.

Helen J. Hinton

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and forgoing has been furnished by U.S. Mail

to the following:

Bank of America N.A.
7105 Corporate Drive
Plano, Texas 75024

Rubin Lublin LLC
3740 Davinci Court
Suite 150
Peachtree Corners, Georgia 30092

Bank of America NA
100 North Tryon Street
Charlotte, NC 28255

In the foregoing matter with a copy by US Postal Service.

Dated this 14th day of April, 2016.

Helen J. Hinton

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

3

Return To:
Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

April 14, 2016

Bank of America NA
7105 Corporate Drive
Plano, Texas 75024

RE:     QUALIFIED WRITTEN REQUEST (QWR)

Borrower:                   Helen J. Hinton
Property Address:           2416 Shamrock Drive
                            Decatur, Georgia 30032

Loan Number:                REDACTED

Please treat this letter as a "qualified written request" under the Federal Servicer Act, which is a part of the
Real Estate Settlement Procedure Act, 12 U.S.C. 2605(e).  Specifically, I am requesting the following
information:

1.  A complete and itemized statement of the loan history from the date of the loan to the Date of this
    letter including, but not limited to, all receipts by way of payment of Otherwise and all charges to
    the loan in whatever form.  This history should include the Date of each and every debit and credit
    to any account related to this loan, and the Nature and purpose of each such debit and credit and
    the name and address of the Payee of any of disbursement related to this account.

2.  A complete and item statement of the escrow account of the loan, if any Purpose that are not
    reflected on the loan history transaction statement provided in Answer to question #1.

3.  A complete and itemized statement of the escrow account of the loan, if any, from the Date of the
    loan to the date of this letter, including, but not limited to any receipts for Disbursements with
    respect to real estate property taxes, fire or hazard insurance, flood insurance, mortgage insurance,
    credit insurance, or any other insurance product.

4.  Have you purchase and charged to the account and Vendor's Single Interest Insurance?

5.  A complete and itemized statement from the date of the loan to the date of this letter of any
    forced-placed insurance and expenses related thereto, related in any way to this loan.

6.  A complete and itemized statement from the date of the loan to the date of this Letter of any
    suspense account entries and / or any corporate advance entries related in any way to this loan.

7.  A complete and itemized statement from the data of the loan to the date of this letter of any
    property inspection fees, property preservation fees, broker opinion fees, appraisal fees,
    bankruptcy monitoring fees, or other similar fees or expenses related in any way to this loan.

8.  Identify the provision under the Deed of Trust and / or note that authorizes charging each and
    every such fee against the loan of the debtors.

9.  Please attach copies of all property inspection reports and appraisals.

10. A complete and itemized statement of any and all arrears including each month in which the
    default occurred, and the amount of each monthly default.

1

You should be advised that you must acknowledge receipt of this qualified written request within 21 business days, pursuant to 12 U.S.C. Section 2605(e)(1)(A) and Reg. X Section 3500.21(e)(1).

Please acknowledge receipt and send the request documents to the following and:

> Helen J. Hinton
> 2416 Shamrock Drive
> Decatur, Georgia 30032

Please contact the person at (404) 289-4111 if you have any questions.

Helen J. Hinton

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

## CERTIFICATE OF SERVICE

This is to certify that I, Helen J. Hinton have on this day served:

Bank of America N.A.
7105 Corporate Drive
Plano, Texas 75024

Rubin Lublin LLC
3740 Davinci Court
Suite 150
Peachtree Corners, Georgia 30092

Bank of America NA
100 North Tryon Street
Charlotte, NC 28255

This 14th day of April 2016

Helen J. Hinton

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

4

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

Helen J. Hinton

Plaintiff,

vs.

Bank of America NA,
Rubin Lublin LLC,
Bank of New York as Trustee of Behalf of
the Certificate Holders KPND Trust R. Woods,

Defendants.

Civil Case Number:
16cv4706-8.

2016 APR 21   AM 9: 43

§

## LIS PENDENS NOTICE

To Whom It May Concern:

1. Notice is given that the above action was filed in the above court on April 20, 2016 by

    Helen J. Hinton, Plaintiff, against Bank of America NA, National City Mortgage CO DBA

    Accubance Rubin Lublin LLC, Bank of New York as Trustee of Behalf of the Certificate Holders

    KPND Trust R. Woods. The action affects title to 2416 Shamrock Drive, Decatur, Georgia 30032

    which is also described as LAND LOT 154 OF THE 15TH DISTRICT OF DEKALB COUNTY,

    GEORGIA BEING LOT 4, BLOCK D, UNIT TWO ROSEWOOD PARK AS PER PLAT

    RECORDED IN PLAT BOOK 29, PAGE 44 DEKALB COUNTY RECORDS WHICH PLAT IS

    HEREBY REFERRED TO AND MADE A PART OF THIS DESCRIPTION; BEING

    IMPROVED PROPERTY KNOWN AS 2416 SHAMROCK DRIVE ACCORDING TO THE

    PRESENT SYSTEM OF NUMBERING HOUSES IN DEKALB COUNTY GEORGIA

    RECORDS. Helen J. Hinton seeks to set aside wrongful foreclosure attempt.

2. Take notice that I Helen J. Hinton; Plaintiff, have this day filed a counter suit and Petition in

    DeKalb County Superior Court against Defendants Bank of America NA, Rubin Lublin LLC,

    Bank of New York as Trustee of Behalf of the Certificate Holders KPND Trust R. Woods.  Civil

    Action 16cv4706-8 (the "action")

3. In that action, Plaintiff is seeking to set aside the foreclosure attempt proceeding instituted by or

    on behalf of Defendants, which purported to transfer title to Plaintiff's property located at

    2416 Shamrock Drive, Decatur, Georgia 30032 to Bank of America NA, Rubin Lublin LLC, Bank

1

of New York as Trustee of Behalf of the Certificate Holders KPND Trust R. Woods.; Plaintiff in

the action seek to enjoin any transfer and sell of her property and to enjoin any effort to

foreclosure, dispossess and or evict her from the property.

### NOTICE OF STAY AND ADVERSE CLAIM

This Lis Pendens shall serve as a notice of pending adverse claim serving as a legal Impediment and

stay against any bona fide purchasers for value at foreclosure sale pursuant to 12 USC 3752(1) cited herein

as Section 3752 Definitions For purpose of this chapter, the following definition shall apply:

    1.  Bone fide purchaser: the term "bona fide purchaser" means a purchaser for
value in good faith and without notice of any adverse claim, and who acquires
The security property free of any adverse claim.

This 20th day of April, 2016

Helen J. Hinton

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

2

CERTIFICATE OF SERVICE

I Helen J. Hinton, title holder and mortgagor, certify that I have notified all parties a true and correct copy

of the attached LISPENDENS NOTICE first class pre-paid United State Postal Service, with sufficient

postage affixed thereon, to:

Bank of America N.A.
7105 Corporate Drive
Plano, Texas 75024

Rubin Lublin LLC
3740 Davinci Court
Suite 150
Peachtree Corners, Georgia 30092

CT Corporation System
1201 Peachtree Street NE
Atlanta, Georgia 30361

This 20th day of April, 2016

Helen J. Hinton

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

FILED

IN THE SUPERIOR COURT OF DEKALB COUNTY 2016 APR 21 AM 9: 35
STATE OF GEORGIA

Helen J. Hinton

Civil Case Number:
16cv4706-8

Plaintiff,

vs.

Bank of America NA,
Rubin Lublin LLC,
Bank of New York as Trustee of Behalf of
the Certificate Holders KPND Trust R. Woods,

Defendants.

## PLAINTIFF'S MOTION TO BANK OF AMERICA N.A.TO PRODUCE THE ORIGINAL PROMISSORY NOTE, MOTION TO COMPEL AND MOTION FOR TEMPORARY INJUNCTION

**COMES NOW** HELEN J. HINTON, Plaintiff in the above-styled case and respectfully moves this court for the entry of an Order directing the Bank of America NA to produce to Plaintiff the documents described in the request to produce which is attached as ("Exhibit A) to this action. The basis for the relief requested is set forth below.

On or about June 10, 2011, Plaintiff served Bank of America NA registered agent, CT Corporation, by U.S. mail the request for production of documents. Bank of America NA, has not produced the requested documents to Plaintiff nor contacted Plaintiff to state that the documents are available for inspection or copying. Plaintiff hereby request that this court enter an Order directing Bank of America NA to produce the documents requested by Plaintiffs in the request to produce, provide Plaintiff such other and further relief to which Plaintiff may be justly entitled under the circumstance, and issue a temporary injunction from the sale of certain real property 2416 Shamrock Drive, Decatur, Georgia 30032, documentation is presented by Bank of America, or further order of this Court. WHEREFORE, Plaintiff asks the court to have Bank of America NA to produce the Original Promissory Note from the original sale.

In order to foreclose on real property 2416 Shamrock Drive, Decatur, Georgia 30032; Bank of America NA: produce the Original Promissory Note if they don't have the Original Promissory Note:

1. Bank of America NA must claim that it no longer has the Original Promissory Note

3

2. Bank of America NA must prove that it was properly in possession on the Original Promissory Note and had standing to enforce it WHEN they lost possession of the Original Promissory Note

3. Bank of America NA must prove it didn't "lose" the Original Promissory Note simply because it transferred it to someone else

4. Bank of America NA must prove that it cannot produce the Original Promissory Note, because the instrument was destroyed or its whereabouts cannot be determined it was stolen by someone who had no right to it.

This the 20th day of April, 2016.


Helen J. Hinton



Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of PLAINTIFF PETITION TO PRODUCE THE ORIGINAL

PROMISSORY NOTE, PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR TEMPORARY

INJUNCTION TO DEFENDANTS has been served upon all parties with proper postage affixed and

addressed as follows:

Bank of America N.A.
7105 Corporate Drive
Plano, Texas 75024

Rubin Lublin LLC
3740 Davinci Court
Suite 150
Peachtree Corners, Georgia 30092

CT Corporation System
1201 Peachtree Street NE
Atlanta, Georgia 30361

Dated this 20th day of April, 2016.

Helen J. Hinton

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

5



IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

2016 APR 21  AM 9: 35

Helen J. Hinton

Plaintiff,

vs.

Bank of America NA,
Rubin Lublin LLC,
Bank of New York as Trustee of Behalf of
the Certificate Holders KPND Trust R. Woods,

Defendants.

· Civil Case Number:
16cv4706-8

## MOTION FOR REQUEST FOR PRODUCTION OF DOCUMENT

Plaintiff Helen J. Hinton request Bank of America NA;to produce within sixty (60) days of the service

hereof, at 2416 Shamrock Drive, Decatur, Georgia 30032 the Original Promissory Note signed by both

National City Mortgage Co dba Accubanc Mortgage and Helen J. Hinton on March 15, 2002.


Helen J. Hinton


Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

1

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of PLAINTIFF REQUEST FOR PRODUCTION OF

DOCUMENT has been served upon all parties with proper postage affixed and addressed as follows:

Bank of America N.A.
7105 Corporate Drive
Plano, Texas 75024

Rubin Lublin LLC
3740 Davinci Court
Suite 150
Peachtree Corners, Georgia 30092

CT Corporation System
1201 Peachtree Street NE
Atlanta, Georgia 30361

In the foregoing matter with a copy of Plaintiff's Request for Production of Documents to Defendant by US
Postal Service.

Dated this 20th day of April, 2016.

Helen J. Hinton

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

2

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

FILED

2016 APR 21 AM 9: 34

Civil Case Number:

16cv4706-8

DEKALB COUNTY COURT
GA

Helen J. Hinton

Plaintiff,

vs.

Bank of America NA,
Rubin Lublin LLC,
Bank of New York as Trustee of Behalf of
the Certificate Holders KPND Trust R. Woods,

Defendants.

### MOTION FOR EMERGENCY INJUNCTIVE DECLARATORY RELIEF AND TO STAY THE IMMINENT FORECLOSURE

1.  COME NOW NAME, in Propria Persona, the Plaintiff, hereinafter "Mrs. Helen J. Hinton"

    by this Verified Complaint, sues Defendants Bank of America NA, Rubin Lublin LLC and Bank

    of New York as Trustee of Behalf of the Certificate Holders KPND Trust R. Woods for

    emergency injunctive and declaratory relief and to STAY imminent foreclosure sale and state:

#### Parties and Jurisdiction

2.  Plaintiff is of majority age and a resident of the State of Georgia residing in her located at

    2416 Shamrock Drive, Decatur, Georgia 30032 (the "Property")

3.  Defendant Bank of America NA was at all material times hereto a Corporation whose corporate

    domicile and alleged authority to do business in the State of Georgia is unknown. Defendants are

    a corporate entity functioning as an alleged Servicer for the Secretary according to the Security

    Trust which has instituted a foreclosure proceeding in the State pursuant to a Notice of Sale Under

    Power whereby is attempting to sell the Plaintiffs' property at public outcry to the highest bidder

    for cash in connection with a claimed default on loan number 024953756 for property address in

    2416 Shamrock Drive, Decatur, Georgia 30032

4.  Defendant Bank of America NA is and was at all times material hereto a corporation having its

    principal place of business at7105 Corporate Drive, Plano, Texas 75024; which may have an

    interest in the Property as a result of a demand from Decatur, Georgia counsel as set forth more

    fully herein

1

5. The real property the subject of this action is located in DeKalb County.

Material Facts Common to All Counts

6. Plaintiff executed a Note and Security Deed in favor of non-party the lender. The lender in connection with the purchase of the Property.

7. At some time unknown to the Plaintiff, the Note was purportedly assigned for servicing purposes to Defendants. It is unknown who presently owns and holds the actual original Note.

8. At some time unknown to the Plaintiff, the Security Deed was purportedly assigned to Defendant pursuant to an affirmative representation in the Notice of Sale Under Power.

9. The Notice of Sale Under Power fails to recite that Defendants are the holder and owner of the Note, there being only a general reference to "the holder thereof" and also fails to recite any particulars as to any alleged assignment of the Security Deed from non-party, lender to Defendant.

10. By letter counsel for Defendant affirmatively represented in writing that the "client" that being Defendant has accelerated and does hereby accelerate the balance of your [Plaintiffs] loan", that being loan number for the property address in Decatur, Georgia 30032.

11. However said correspondence does not identify Defendant as the owner and holder of the Note and fails to affirmatively represent that Defendant owns and holds the Security Deed or has any rights therein or thereto which would support a foreclosure of the Property

12. By letter to Plaintiffs from Defendant said Defendants confirmed in writing that said Defendants are only the servicer of the loan and is not the originating lender in which the Defendant are not in compliance

13. In very simple terms and black letter law ONLY THE/OR "A" SECURED CREDITOR HAS A RIGHT to conduct a non-judicial foreclosure sale in the state of Georgia. Next for the notice to be valid they must supply you a name of the individual or entity that has FULL authority, NOT LIMITED PRE-GRANTED AUTHORITY to:

    a. Negotiate
    b. Amend
    c. Or modify the terms of a mortgage instrument and the Defendants have failed to do so.

14. The originating lender of the Note and Security Deed were part of a securitized Mortgage transaction where the Security Deed and Note were at some point after original execution by the

2

Plaintiff, severed and sold assigned or transferred to separate entities with certain rights being sold separately to wit:

    a. The lender sold the Security Deed to an investor whose identity remains unknown;

    b. The servicing rights to the Note were sold separately to Defendant

15. Defendant hasn't established both the existence of the mortgage and mortgage note or ownership of the note and mortgage as well.

16. The admissions of record demonstrate that neither one of defendants have legal or equitable interests in both the Note and Security Deed which are a legal prerequisite to institute and maintain a foreclosure and that such interest may in fact lie with one or more of Defendants DOES' 1-10.

17. As a severance of the ownership and possession of the original Note and Security Deed has occurred and as the true owner and holder of both the original Note and Security Deed are unknown as a result of multiple assignments and written admissions set forth above. Defendants are legally precluded from foreclosing and selling the Property.

18. The letter of counsel for Defendants fails to comply with the notice provisions as said letter does not contain the name address and telephone number of the individual or entity who has full legal authority to negotiate amend or modify all terms of the mortgage with the debtor. As such Defendants are without legal standing and are legally precluded from foreclosing on and selling the Property.

## COUNT I: EMERGENCY TEMPORARY AND PERMANENT INJUNCTIVE RELIEF

19. Plaintiff reaffirm and allege paragraphs 1 through 19 hereinabove as if set forth more fully herein below.

20. This is an action for emergency temporary and permanent injunctive relief which is brought and on an emergency basis without.

21. Provides that equity by writ of injunction may restrain any act of a private individual or corporation which is illegal or contrary to equity and good conscience and for which no adequate remedy is provided at law.

3

22. Provides that writs of injunction may be issued by the superior courts to enjoin sales by sheriffs at any time before a sale takes place in any proper case made by application for injunction.

23. Plaintiff have a clear right to seek temporary and permanent injunctive relief as Plaintiff reside in the Property and as Defendants as seeking through illegal and unlawful means and without satisfying the necessary legal standing requirements to institute a foreclosure take possession custody and control the Property ultimately remove the Plaintiff from her home and seek a deficiency judgment against Plaintiffs

24. Plaintiff has no adequate remedy at law to redress the harm complained of and the sale of the Plaintiffs' property under the circumstances of record is contrary to equity and good conscience in that such sale is being instituted by parties who have no legal standing to institute or maintain the foreclosure *ab initio.*

25. Provide that temporary restraining order may be granted without oral or written notice to the adverse party if it clearly appears from the specific facts shown by verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party if it clearly appears from the specific facts shown by verified complaint that immediate and irreparable injury loss or damage will result to the applicant before the adverse party or their attorney can be heard in opposition and that the applicant's attorney certifies to the court in writing the efforts if any which have been made to give the notice and the reason supporting the party's claim that notice should not be required

26. The specific facts set forth in this Verified Complaint demonstrate that unless a temporary injunction against the foreclosure sale is not granted that Plaintiff will suffer the irreparable injury loss and damage of the loss of her home and eviction there from

27. Under the circumstance where the foreclosure sale is set for less than five (5) calendar days (which include Saturday and Sunday) the irreparable loss to the Plaintiff will result before the Defendants and may be heard in opposition to the relief requested herein if the emergency relief requested herein is not granted immediately.

28. The requisite certification is set forth following the Verification of this Complaint by the Plaintiffs *infra.*

4

29. As Defendants have no legal standing to institute and or maintain a foreclosure of the property there is no harm to said Defendants with the granting of the requested relief and any claimed harm is substantially outweighed by the irreparable harm to the Plaintiff if the relief requested herein is not granted

30. The granting of the relief requested herein is in the public interest as the consuming public including Plaintiff will continue to be harmed by the illegal and unlawful conduct of the Defendants and if the relief requested herein is not granted

31. Under the circumstances where there is no harm to Defendants and with the granting of the requested relief no bond should be required as a prerequisite to the granting of the relief requested herein as there are no costs and or other damages which could be contemplated on the part of Defendants and with the granting of the requested relief for which a bond would otherwise be necessary.

32. WHEREFORE, Plaintiff respectfully request that this Court immediately take jurisdiction of this matter and enter an Order granting temporary and permanent injunctive relief expressly precluding and cancel the foreclosure sale for the reason set forth herein and for any other and further relief which is just and proper.

## COUNT II: DECLARATORY RELIEF

33. Plaintiff reaffirm and allege paragraphs 1 through 32 herein above as set forth more fully herein and sue the Defendants for Declaratory Relief

34. This is action for Declaratory Relief which is being brought to declare that the Defendants have no legal and or equitable rights in the Note and Security Deed for purposes of foreclosure and that said Defendants have legal standing to institute or maintain foreclosure on the Property

35. Provide that the Circuit Courts shall have the power upon appropriate pleading to declare right and other legal relations of any interested party petitioning for such declaration whether or not further relief is or could be prayed and that the declaration shall have the force and effect of a final judgment

36. Provide relief by declaratory judgment shall be available notwithstanding the fact that the complaining party has any other adequate legal or equitable remedies.

5

37. As set forth above the evidence of record demonstrates that Defendant does not posses the requisite legal rights to foreclose due to a defective assignment of the Security Deed from the original lender to Defendant in view of the admission of the lender, Lender that the Security Deed was "sold to another investor" who is unknown to the lender. Has there been a proper Assignment of the Security Deed from the lender to the Defendants would have admitted as such in its written correspondence to the Plaintiff

38. As set forth above Defendant does not possess the Note and only has at best servicing right of the Note which rights have been called into question by the inconsistent statement of counsel for Defendants and as to who the "client" is for purposes of declaring a default on the Note and instituting a foreclosure

39. The declaration by this Court that neither Defendant has any legal right and cannot satisfy the legal standing requirement to institute and maintain a foreclosure id proper subject matter for declaratory relief.

40. Georgia decisional law provides that one who is not a party to a contract whereby title to property is retained in the seller as security for the balance of the purchase money who is not named as payee in the Note for payments and who has no written assignment of the Notes or the contract cannot foreclose the contract in her own name as holder and owner thereof.

41. As set forth above Defendant as the foreclosing party named in the Notice of Sale Under Power was not a party to the original mortgage contract documents was not named as a payee in the Note and has failed to demonstrate and valid assignment of the Security Deed contract and is thus legally precluded from instituting or maintaining a foreclosure

42. As set forth above Defendant is only the servicer of the Note and as such cannot institute or maintain a foreclosure proceeding

WHEREFORE, Plaintiff demand that the court adjudge:

a. That neither Defendant have legal standing or the proper legal or equitable interest in either the Note and Security Deed to institute or maintain a foreclosure; and

b. That the Notice of Sale Under Power is legally defective and precluded from enforcement; and

6

c.   That the Plaintiffs recover her costs

RELIEF SOUGHT

WHEREFORE, having set forth the above described legally sufficient caused of actions against the Defendants and Plaintiff pray for the immediate issuance of a Temporary and Permanent Injunction precluding the foreclosure sale of her property or any other disposition of the subject property that the Court issue a declaratory judgment in accordance with the relief requested herein above that the court assess Plaintiff's cost against Defendants and; and for any other and further relief which is just and proper.


Helen J. Hinton

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

## PARTIES

I Helen J. Hinton is an ordinary citizen, trying to accomplish the American dream of home ownership.

Helen J. Hinton reside 2416 Shamrock Drive, Decatur, Georgia 30032. At all times relevant to this

Complaint, Bank of America NA, Rubin Lublin LLC, Bank of New York as Trustee of Behalf of the

Certificate Holders KPND Trust R. Woods have operated a business in the United States.

Bank of America N.A.
7105 Corporate Drive
Plano, Texas 75024

Rubin Lublin LLC
3740 Davinci Court
Suite 150
Peachtree Corners, Georgia 30092

CT Corporation System
1201 Peachtree Street NE
Atlanta, Georgia 30361

Helen J. Hinton

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

8

FILED

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

2016 APR 21  AM 9: 34

Helen J. Hinton

Plaintiff,

vs.

Bank of America NA,
Rubin Lublin LLC,
Bank of New York as Trustee of Behalf of
the Certificate Holders KPND Trust R. Woods,

Defendants.

Civil Case Number:
16CV4706-8 ⌐ ⌐⌐⌐⌐
DEKALB COUNTY GA

### Motion for Injunction Relief

COME NOW, Helen J. Hinton "Plaintiff" by and through undersigned Counsel moving this court for an injunction.  The following is shown in support thereof:

1. The Defendants are attempting to wrongfully foreclosed on the Plaintiff's property.

2. The Plaintiff filed a Petition to remove Cloud to Title, To Set Aside Foreclosure Attempt, Wrongful foreclosure Attempt, Breach of Covenant or Agreement, Negligent Servicing and Fraud on the basis that the Defendants are not the rightful owner of 2416 Shamrock Drive, Decatur, Georgia 30032

3. The Defendants are wrongfully attempting to foreclose on the Plaintiff's property

4. Based upon information and belief the Defendants are attempting to sale the Property; 2416 Shamrock Drive, Decatur, Georgia 30032; even though they are not the rightful owners.

WHEREFORE, the Plaintiff request this court to enter an injunction restraining the Defendants; and its agents servants employees successors and assigns and all those in privity with it from selling removing, or modifying the property located at 2416 Shamrock  Drive, Decatur, Georgia 30032; pending the outcome of the above proceedings; and to provide any other relief this court deems just and proper.

1

Dated this 20th of April,  2016

Respectfully submitted,

Helen J. Hinton

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and forgoing has been furnished by U.S. Mail to

the following:

Bank of America N.A.
7105 Corporate Drive
Plano, Texas 75024

CT Corporation System
c/o Bank of America NA Registered Agent
1201 Peachtree Street NE
Atlanta, Georgia 30361

Rubin Lublin LLC
3740 Davinci Court
Suite 150
Peachtree Corners, Georgia 30092

Helen J. Hinton

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

3

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA



Helen J. Hinton

Plaintiff,

vs.

Bank of America NA,
Rubin Lublin LLC,
Bank of New York as Trustee of Behalf of
the Certificate Holders KPND Trust R. Woods,

Defendants.

Civil Case Number:

16cv4706-8

## MOTION FOR OBJECTION TO FORECLOSURE SALE AND MOTION TO STAY

I respectfully submit this OBJECTION TO FORECLOSURE AND MOTION TO STAY for the following reasons:

1. I have been in negotiations with Bank of America NA have been servicing my mortgage until and was advised that the foreclosure proceedings had been suspended during the application process for Home Affordable Modification Process ("HAMP").

2. My mortgage was transferred to Bank of America NA requested and with whom I have submitted a new application for Home Affordable Modification Process ("HAMP"). During several correspondences with the mortgage server, they have stated that they show no record of the foreclosure proceedings being reinstated as they are in the review process of our ("HAMP") application.

3. Bank of America NA have been contacted and neither of them have any knowledge of the Foreclosure Sale.

4. I would like an opportunity to receive a modification offer and reinstate our payments.

5. False and Misleading representations: 15 USC § 1692e forbids a debt collector to threaten to take any action that cannot legally be taken. I have revoked power of attorney that was previously granted to the Plaintiff. Consequently the Plaintiff does not have legal authority to foreclosure on Defendants' property. The FDCPA also requires Rubin Lublin LLC to cease collection activity upon knowledge that Bank of America NA lacks standing to foreclose.

6. Unfair Practices: 15 USC § 1692f does not allow Rubin Lublin LLC to take or threaten to take any action to effect dispossession or disablement of the Defendants' property if there is no present right to possession of the property claimed as collateral thru an enforcement of a security interest. As previously stated the revocation of power of attorney effectively ended Plaintiff's power of sale.

7. Harassment of Abuse: 15 USC § 1692d forbids the advertisement for sale of any debt to coerce payment of a debt. The FDCPA also forbids disclosure of the debt to third parties-legal publication of a foreclosure sale equals abuse / harassment.

8. Rubin Lublin LLC does not have legal authority to act as Attorney in Fact for Helen J. Hinton and will therefore cease to act as such. Should Rubin Lublin LLC proceed with fraudulent representation as Attorney in Fact. Helen J. Hinton will exercise all legal option available to her.

Helen J. Hinton the property owners. The household expenses are now the responsibility of Helen J. Hinton, who have also been issued Power of Attorney.

I hope you consider this appeal and award sufficient time for the mortgage company to review the current ("HAMP") application and process a modification to the loan and for us to reinstate payments.

Respectfully,


Helen J. Hinton


Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

2

## CERTIFICATE OF SERVICE

THE UNDERSIGNED hereby certifies that the forgoing has been served by U.S. Mail and or e-mail on

this 20th day of April, 2016 on the following:

Bank of America N.A.
7105 Corporate Drive
Plano, Texas 75024

Rubin Lublin LLC
3740 Davinci Court
Suite 150
Peachtree Corners, Georgia 30092

CT Corporation System
1201 Peachtree Street NE
Atlanta, Georgia 30361

Helen J. Hinton

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

3

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

Helen J. Hinton

Plaintiff,

vs.

Bank of America NA,
Rubin Lublin LLC,
Bank of New York as Trustee of Behalf of
the Certificate Holders KPND Trust R. Woods

Defendants.

Civil Case Number:
16cv4706-8 ⁻ ⁻ ⁻ ⁻ ⁻ ⁻ ⁻ ⁻ ⁻
⌐ ⁻ⁿ⁻⁻⁻ ⌐⌐⁻⁻⁻⁻ COURT
DEKALB COUNTY GA

FILED

2016 APR 21   AM 9: 33

## MOTION FOR NOTICE OF FDCPA VIOLATIONS

On May 25, 2014, I served notice that your client did not have power to foreclose on 2416 Shamrock

Drive, Decatur, Georgia 30032.  As a debt collector your conduct is governed by the Fair Debt Collections

Procedure Act [FDCPA].  To date Rubin Lublin LLC has violated these provisions of the FDCPA:

## FALSE AND MISLEADING REPRESENTATIONS

15 USC § 1692e forbids a debt collector to threaten to take any action that cannot legally be taken.  I have

revoked power of attorney that was previously granted to Bank of America NA does not have legal

authority to foreclose on 2416 Shamrock Drive, Decatur, Georgia 30032.  The FDCPA also requires that

Rubin Lublin LLC cease collection activity upon knowledge that Bank of America NA lacks standing to

foreclose.

## UNFAIR PRACTICES

15 USC § 1692f does not allow Rubin Lublin LLCto take or threaten to take any judicial action to effect

dispossession or disablement of the property if there is no present right to possession of the property

claimed as collateral though an enforcement of a security interest.  As I've previously stated the revocation

of power of attorney effectively ended Bank of America NA power to foreclose.

## HARASSMENT OF ABUSE

15 USC § 1692d forbids the advertisement for sale of any debt to coerce payment of debt.  The FDCPA

also forbids disclosure of the debt to third parties-legal publication of a foreclosure sale equal

abuse/harassment.

1

## CONCLUSION

This Notice of FDCPA Violation has been forward to Rubin Lublin LLC by certified US Mail. The record now reflects that Rubin Lublin LLCis aware that Power of Attorney with power to sale has been revoked. Furthermore the record shows that Rubin Lublin LLC is on notice of these FDCPA violations. Should Rubin Lublin LLC contend that the revocation of power of attorney is invalid that issue must be addressed in a non-judicial proceeding. In lieu of the foregoing facts Rubin Lublin LLC is obliged to inform Helen J. Hinton in writing that collection attempts have ceased.

Sincerely,

Helen J. Hinton

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct and correct copy of the above and foregoing has been

furnished by U.S. Mail: named Bank of America NA, Bank of America Home Loans, Rubin Lublin LLC,

Bank of America Corporation, McCalla Raymer LLC, Bank of New York as Trustee of Behalf of the

Certificate Holders, KPND Trust R. Woods, National City Mortgage Co dba Accubanc Mortgage, BAC

Home Loans Servicing LP and Mortgage Electronic Registration Systems Inc. this 20st day of April, 2016.

Bank of America N.A.
7105 Corporate Drive
Plano, Texas 75024

Rubin Lublin LLC
3740 Davinci Court
Suite 150
Peachtree Corners, Georgia 30092

CT Corporation System
1201 Peachtree Street NE
Atlanta, Georgia 30361

Helen J. Hinton

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032



IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

2016 APR 21  AM 9: 33

Helen J. Hinton

·Civil Case Number:
16cv4706-8
DEKALB COUNTY GA

Plaintiff,

vs.

Bank of America NA,
Rubin Lublin LLC,
Bank of New York as Trustee of Behalf of
the Certificate Holders KPND Trust R. Woods,

Defendants.

### MOTION TO RESPONSE TO FORECLOSURE NOTICE

Helen J. Hinton having received Notice of Foreclosure from the law firm Rubin Lublin LLC; demands that

said law firm cease participation in this foreclosure proceeding.  Plaintiff effectively revoked Power of

Attorney with right of sale granted to Lender, its agents successors and heirs and assigns. Rubin Lublin

LLC does not have legal authority to act as Attorney in Fact for Helen J. Hinton and will therefore cease to

act as such.  Should Rubin Lublin LLC proceed with fraudulent representation as Attorney in Fact - Helen

J. Hinton will exercise any and all legal option available to her.

Sincerely,

Helen J. Hinton

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct and correct copy of the above and foregoing has been

furnished by U.S. Mail: named Bank of America NA, Bank of America Home Loans, Rubin Lublin LLC,

Bank of America Corporation, McCalla Raymer LLC, Bank of New York as Trustee of Behalf of the

Certificate Holders, KPND Trust R. Woods, National City Mortgage Co dba Accubanc Mortgage, BAC

Home Loans Servicing LP and Mortgage Electronic Registration Systems Inc. this 20st day of April, 2016.

Bank of America N.A.
7105 Corporate Drive
Plano, Texas 75024

Rubin Lublin LLC
3740 Davinci Court
Suite 150
Peachtree Corners, Georgia 30092

CT Corporation System
1201 Peachtree Street NE
Atlanta, Georgia 30361

Helen J. Hinton

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

FILED

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

2016 APR 21 AM 9: 32

Helen J. Hinton

Plaintiff,

vs.

Bank of America NA,
Rubin Lublin LLC,
Bank of New York as Trustee of Behalf of
the Certificate Holders KPND Trust R. Woods

Defendants.

Civil Case Number:
16cv4706-8 COURT
DEKALB COUNTY GA

## MOTION TO QUIET TITLE

1.

This action is a petition for quiet title, an in rem proceeding brought as applicable pursuant to O.C.G.A. § 23-3-60 *et seq.* to remove any cloud on the title of the Petitioner Property caused by the equities of redemption; and to quiet title as to the whole world.

2.

The primary petitioner is that tract of real property which was the subject of a tax sale, such real property being expressly show as the in rem defendant in fi. fa. Said property is general known as 2416 Shamrock Drive, Decatur, Georgia 30032 (the Petitioners Property")

## JURISDICTION AND VENUE

Petitioner incorporate by reference paragraphs 1 and 2 above as if set verbatim herein for the purposes of this section of the Petition.

4.

Jurisdiction and venue are proper in this Court pursuant to O.C.G.A. § 23-3-62(a) because the Petitioner Property lies in DeKalb County.

5.

To the extent these petitioner has an interest in the Petitioner Property, they are necessary parties to this action as contemplated by the Georgia Civil Practice Act, This court according has jurisdiction over each.

6.

To the extent that, for lack of a proper and current service address for any of the petitioner, respondent

1

cannot obtain personal service, such petitioner should and must be served by publication of notice of service pursuant to O.C.G.A. § 23-3-65(b)

7.

There may be other unknown parties who have some right, claim or interest in the petitioner property.

8.

To the extent that said unknown parties may claim some interest in the Property, they are necessary parties to this as contemplated by the operative provisions of O.C.G.A. §§ 23-3-43, 44 and 65 and general under the Georgia Civil Practice Act, and accordingly this court has jurisdiction over said unknown parties.

9.

These unknown respondents, if any should by served by publication of notice of service.

## QUIET TITLE

10.

Petitioner incorporate by reference paragraphs 1 through 9 above as if set for verbatim herein for the purposes of this section of the Petition.

11.

Accordingly as a matter of law Petitioners hold fee simple title to the Petitioner Property, free from any claim of right, title or interest in any party known or unknown.

## MOTION – APPOINTMENT OF SPECIAL MASTER

12.

Petitioner incorporate by reference paragraphs 1 through 12 above as if set for verbatim herein for the purposes of this action section of the Petition.

13.

The provisions of O.C.G.A. § 23-3-63 *et seq.* mandate the appointment of a special master who shall take jurisdiction of this matter and undertake the duties of such special master as set out in the recited code sections and provisions thereof.

14.

Accordingly, Petitioners hereby move this Court for an Order appointing a special master to take jurisdiction of this matter and perform the duties of same including perfection of service of process

2

consideration of the evidence presented and submission of findings and recommendations to the Superior Court regarding ownership of the Property.

WHEREFORE Petitioner prays to the Court for the following relief:

a.  That this Petition be submitted to a Special Master appointed pursuant to O.C.G.A. § 23-3-63

b.  That the Special Master determines the parties entitles to notice and direct that proper notice be given as required to the appropriate respondents through personal service and/or publication as necessary.

c.  That the Special Master find and the Court order that Petitioners as the valid holder of fee simple title in the Petitioner Property that the interests if any of respondents have been terminated and foreclosure of redemption rights and that Petitioners' interest in the Petitioner Property is free and clear of any claim, right title or interest by any other person or entity whatsoever.

d.  That the decree and other be recorded in the DeKalb County real estate records and cross reference reference entered on the.

e.  For such other relief as the Court deems just and equitable.

Dated 20th day of April, 2016

Respectfully submitted,

Helen J. Hinton

Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

3

CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of April; I mailed a copy of the foregoing, United States Postal Service

first class mail to:

Bank of America N.A.
7105 Corporate Drive
Plano, Texas 75024

CT Corporation System
c/o Bank of America NA Registered Agent
1201 Peachtree Street NE
Atlanta, Georgia 30361

Rubin Lublin LLC
3740 Davinci Court
Suite 150
Peachtree Corners, Georgia 30092


Helen J. Hinton


Helen J. Hinton
2416 Shamrock Drive
Decatur, Georgia 30032

4